## WOODWARD v. PANTHER CREEK OIL CO.

No. 4851.    Opinion Filed July 27, 1915.

(150 Pac. 1065.)

1. **EVIDENCE—Judicial Notice—Cases Filed in Another Court.**
The district court of Tulsa county does not take judicial notice of the cases filed, or of the subject-matter, orders, and judgments entered in suits in the superior court of Tulsa county.

2. **INJUNCTION—Denial—Evidence.** An appeal was taken from an order of the district court, refusing a temporary injunction. No evidence was presented or offered, and the allegations of the verified petition filed are insufficient, without the aid of evidence, to authorize the injunction. **Held,** that there was no error.

(Syllabus by Brewer, C.)

*Error from District Court, Tulsa County;*
*L. M. Poe, Judge.*

Action for injunction by Herbert E. Woodward, guardian of Grace E. Woodward, a minor, against the Panther Creek Oil Company. From an order refusing a temporary injunction, plaintiff brings error. Affirmed.

*F. O. Cavitt* and *Haskell B. Talley,* for plaintiff in error.

*Benjamin F. Rice* and *Thomas D. Lyons,* for defendant in error.

Opinion by BREWER, C. This is an appeal from an order of the district court, refusing to grant a temporary

injunction.   Plaintiff in error brought the suit, as plaintiff below, against the Panther Creek Oil Company, and asked an injunction to prevent defendant company from interfering, by court proceeding, force, intimidation, or otherwise, with plaintiff's right to hold peaceable possession of certain lands.   The court set a date for hearing the matter, at which time the parties seem to have appeared; and, so far as the record shows, neither party offered any evidence whatever.   In the journal entry, however, refusing the temporary injunction, the court made the following finding:

"That the subject-matter of the action in this cause is in controversy in cause No. 610 of the superior court of Tulsa county, Okla., entitled Panther Creek Oil Company v. G. T. Braden, and that a temporary injunction has been issued in said cause, relative to the *res* in controversy, which said temporary injunction is now pending; and it appearing further that the subject-matter of the said action is in controversy in cause No. 936 of the superior court of Tulsa county, Okla., entitled Panther Creek Oil Company v. Herbert E. Woodward, that said Herbert E. (Woodward is the plaintiff in the action in the above-entitled cause in this court, and that the *res* in controversy is within the jurisdiction of the superior court in said action, and that a temporary restraining order has been issued in said cause by the superior court of Tulsa county, Okla., concerning the subject-matter of the action, and that said temporary restraining order is, at this time pending."

Following this finding of the court is a formal order, denying a temporary injunction as prayed for in the petition.

The main contention urged by plaintiff in error for reversal of the case is that there is no evidence in the case relative to the pendency of the suits in the superior court

upon which to base the finding of fact made by the trial court; and that therefore inasmuch as one court, even a court of general jurisdiction, does not take judicial knowledge of the causes and judgments in another court, even of concurrent jurisdiction, there must be a reversal. We concede it to be true that the district court of Tulsa county would not take judicial notice of the causes filed, or the subject-matter and judgments of a suit in the superior court of said county, a court of concurrent jurisdiction. Chamberlayne on Ev. vol. 1, section 686; 16 Cyc. 919, and cases cited. But, inasmuch as it is asserted in the briefs that the files and proceedings of the two cases in the superior court were in fact introduced before the judge, examined by him as to subject-matter, parties, and number of the cases, as stated in his findings, together with a statement in the brief that this is not denied by the other side, it seems to us that, while plaintiff in error's contention is technically correct, yet, if the above facts are true—and they have gone unchallenged—it would be a vain and useless thing to reverse this case on account of this technical error. Furthermore, the record fails to show that plaintiff in error produced, or offered to produce, any evidence at the hearing to support his claim to an injunction. We have examined the petition filed for this purpose, and, although it is verified, its averments are not sufficient in themselves, unsupported by proof of detailed facts, to warrant any court in issuing an order as prayed for. The petition consists of a number of paragraphs, but only one (paragraph 6) attempts to show wrongdoing upon the part of the defendants sought to be enjoined; and these allegations are in the most general language, which might possibly, in the absence of a motion to make more certain, have been sufficient to admit

JULY TERM, 1915.—Vol. L. 321

proof. But they are not sufficient to justify a court of equity in using its extraordinary power against a citizen. Taking the record as it stands here, the court was not in error in refusing the injunction.

The judgment of the trial court should be affirmed. By the Court: It is so ordered.