## FIBIKOWSKI v. FIBIKOWSKI et al.

No. 28402.    Oct. 17, 1939.

W. L. Johnson, of Chandler, for plaintiff in error.

H. M. Jarrett and M. A. Cox, both of Chandler, for defendants in error.

RILEY, J. Mike Fibikowski filed this action against John Charles Fibikowski, a minor, and his guardian, Jessie Fibikowski, plaintiff's divorced wife. The parties will be referred to as plaintiff and defendants in the order in which they appeared below except where it is necessary to differentiate between the defendants, in which event they will be referred to by name.

Plaintiff filed his original petition, August 4, 1937. A guardian ad litem was appointed, and on August 13th he filed on behalf of John Charles a separate demurrer and a motion to make more definite and certain. Jessie Fibikowski, guardian, filed a general and special demurrer, which was sustained.

Plaintiff timely filed an amended petition alleging, substantially, that his mother died testate December 24, 1931; that 15 or 20 years prior thereto his mother verbally agreed to bequeath the land involved to him for and in consideration of her love and affection and the further consideration that plaintiff and his brother would care for their mother during the feeble period of her old age; that pursuant to said verbal agreement she put plaintiff in possession of said tract of land, and he made permanent improvements thereon in the approximate value of $2,000; that shortly prior to her death she prepared to make her will; that plaintiff was at that time in poor health and preparing to go to a hospital for treatment; that his condition was likely to cost his life; that Jessie Fibikowski, his wife, and John Charles, then two years old, their only son, were living with him on said land.

Plaintiff further alleged that after consultation he and his mother decided and agreed to vest title to said tract in John Charles; that:

"It was not intended by either of the parties that their said agreement, or any part thereof, should be abrogated, set aside or in anywise modified or changed, save and except that title should vest in the said minor. On the contrary, it was discussed and understood that plaintiff should and would own and occupy the premises in his own right according to their former agreement. That is to say, it was not contemplated that the said minor should or would own, hold, control or occupy the premises in his own right either directly or indirectly by guardian or otherwise, but was contemplated that he should and would continue to live with his said parents on the premises as he was then doing and had before done, and that plaintiff would and should continue to own, hold, use and occupy the premises, and receive, hold and enjoy the rents, issues and profits of the same in his own right as he had theretofore done and was then doing."

Plaintiff further alleged that he and his mother were natives of Poland, educated largely in Polish customs; that his mother could neither read, write, nor speak English and he was only slightly educated in the English language; that there was no one learned in such matters who could explain to them in language they could understand, and they, unwillingly and without thought of future complications, "* * * assumed as a matter of fact without knowing that by taking title in the name of the minor, they could and would substantially perform the terms of their said verbal agreement."

It was further alleged that his mother's will was probated and distribution made awarding the fee in said tract to the minor and a certified copy thereof recorded in the office of the county clerk, "* * * all of which is now referred to and made a part hereof for the purpose of such order as

this court may make in the premises"; that in December, 1935, Jessie Fibikowski was granted a divorce and the care and custody of John Charles; that in May, 1937, she was appointed guardian of his person and estate; and that as such guardian she has commenced certain proceedings in the county court to collect and appropriate the rents and profits of the land for and on behalf of the plaintiff; and is threatening to commence action to dispossess plaintiff and if unrestrained, will commence such an action to plaintiff's damage.

Plaintiff prays the court to hold that he is the owner of the beneficial interest in said land, and that the same is a valid trust in the hands of John Charles for the use and benefit of plaintiff, and that the defendants and all persons claiming under or through them be restrained and enjoined pending final hearing.

The guardian ad litem demurred to this amended petition upon the grounds (1) it is a restatement of the identical facts in the original petition, and (2) does not contain sufficient facts to constitute a cause of action.

The guardian, Jessie Fibikowski, also demurred upon the ground that insufficient facts were stated to constitute a cause of action, and upon the further ground that:

"(2) The allegations of plaintiff's petition and amended petition contradict the records attached and made a part thereof in that said records show that the plaintiff was the executor of his mother's estate and that it was on his motion that the property involved was decreed absolutely to his minor son, and is therefore estopped from asserting any claim thereto.

"(3) The plaintiff is now attempting to maintain a position inconsistent with the one in which he has, acquiesced with full knowledge and affirmance thereof for more than six years as shown by the face of the record."

On September 22, 1937, the court sustained both demurrers; plaintiff elected to stand upon his petition, and the cause was dismissed. From said orders and judgment of dismissal plaintiff has timely and properly appealed.

In paragraph 2 of the amended petition counsel for plaintiff has carelessly used the word defendant, when obviously it was intended to use the word plaintiff. We treat the correction as made.

We have compared the original with the amended petition, and hold that the first ground alleged in the demurrer filed by the guardian ad litem is untenable. Of necessity much of the amended petition is a restatement of the original. In paragraph 2 of the amended petition, plaintiff has added a complete statement of the consideration of the contract with his mother and alleged payment thereof and performance on his part. In paragraph 8 he has clarified an unintelligible allegation in paragraph 8 of the original petition. Paragraph 9 is a new paragraph.

Both defendants demurred on the ground that the facts stated are insufficient to constitute a cause of action.

Section 11809, O. S. 1931, 60 Okla. St. Ann. § 137, provides:

"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

The above section is a statement of the common law, and resulting trusts have been considered by this court in several cases. In Flesner v. Cooper, 39 Okla. 133, 134 P. 379, it was stated:

"Resulting trusts are those which arise where the legal estate in property is disposed of, conveyed, or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title. In such a case, a trust is implied or results in favor of the person for whom the equitable interest is assumed to have been intended, and whom equity deems to be the real owner."

Other cases of similar holding are Boyd v. Winte, 65 Okla. 141, 164 P. 781; Bobier v. Horn, 95 Okla. 8, 222 P. 238; Rollow v. Taylor, 104 Okla. 275, 231 P. 224.

But in Yates v. Yates, 93 Okla. 94, 219 P. 705, this court quoted with approval the following from Mendenhall v. Walters, 53 Okla. 598, 157 P. 732:

"The rule is, where a husband purchases lands with his own money and takes title thereto in the name of his wife, or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife, but the presumption of the law is, in the absence of evidence to the contrary, that an advancement or gift was intended. This is so because in law the legal obligation rests upon the husband to support the wife."

In the instant case it is alleged the devise was made to a child of the man furnishing the consideration. This court seems never

to have passed upon this fact situation, but the general rule is in accord with that stated in Yates v. Yates, supra.

In Bogert, "Trusts and Trustees", vol. 2, p. 1400, it is stated:

"* * *The courts have laid down the rule that, if a father pays the consideration and has the conveyance run to his child, there is a rebuttable presumption of a gift, whether the child is male, female, an infant or an adult, of full capacity or laboring under some physical disability, legitimate or illegitimate."

In 65 C. J. 417, is found the following comprehensive statement:

"As in the case of consideration paid by a husband with conveyance to the wife, the rules relative to a resulting trust in favor of the person paying the purchase money for property conveyed to a stranger by reason of presumption of law do not apply where a parent purchases property with his own funds or assets and the conveyance is made in the name of a child. Therefore, in absence of circumstances showing a contrary intention, a purchase by a parent in name of the child will be presumed to be an advancement or gift and not a resulting trust in favor of the parent, and no such resulting trust will arise. However, whether the purchase should be treated as an advancement is a question of intention, and the presumptions are not conclusive, and may be rebutted, and, where it clearly appears from the circumstances existing at the time of the conveyance that it was not intended that the child should take the beneficial interest, a resulting trust will arise in favor of the parent. * * *"

It may have been urged below and the court may have been of the opinion that a resulting trust cannot be created with a minor as trustee.

It has been held that on application to a court for an order directing an infant to convey lands allegedly held by virtue of a resulting trust, such a trust will not be established except by a decree in a suit regularly instituted. In re Follen, 14 N. J. Eq. 147. Such the plaintiff seeks herein.

In Levin v. Ritz, 17 Misc. 737, 41 N. Y. S. 405, it was held that an infant beneficiary in an insurance policy may be charged as trustee of the fund received from her deceased father by virtue of a contract made by him with an insurance association. It was further held that an infant is as much bound to carry out the trust as if he were an adult, and will not be permitted to receive the property to his own exclusive benefit, and then repudiate the trust or equitable charge created by the person from whom he derived it. The plaintiff in the case last cited had paid one-half the premiums of the policy over a period of time and had supported deceased during his old age under an agreement with the minor, 18 years of age, and assented to by the deceased.

It is shown by the face of the petition herein that plaintiff's contract with his mother was oral, but a resulting trust is valid whether in writing or parol and is not within the statute of frauds. McCoy v. McCoy, 30 Okla. 379, 121 P. 176, Ann. Cas. 1913C, 146.

We conclude and hold the petition sufficient on demurrer.

The guardian's second ground for demurrer is that the probate records referred to in plaintiff's petition show that plaintiff was executor of his mother's estate and on his motion the property was decreed to the minor son, and plaintiff is thereby estopped from asserting any claim thereto. Consideration of the allegation requires a review of prior pleadings in the case.

The motion to make the original petition more definite and certain, filed by the guardian ad litem, requested copies of the mother's will and of the final decree of distribution be attached to the petition.

The record discloses no further reference to this motion and apparently it was treated as abandoned when defendants' demurrers were sustained. The proper method to secure annexation of exhibits to a petition is by motion. After the amended petition was filed, no attempt was made by either defendant to compel annexation of copies of the instruments mentioned. Instead they filed demurrers.

Section 230, O. S. 1931, 12 Okla. St. Ann. § 296, requires that in an action founded on a note, bill, or other written instrument as evidence of indebtedness a copy must be attached to the petition or the reason for its absence must be stated in the petition.

In such instances the cause of action is founded upon the instrument required to be attached, and it is proper to require compliance with such provision. However, even in such cases, the failure to attach copies of the instrument is to be reached by motion and cannot be reached by demurrer. Milburn v. Miners & Citizens Bank, 101 Okla. 281, 226 P. 42; Incorporated Town of Sallisaw v. Chappelle, 67 Okla. 307, 171 P. 22. And where no copies of note and mortgage sued upon were attached to or filed

with the petition and no question raised in the trial court as to the necessity of such copies and no ruling by the court thereon, the question cannot be raised on appeal. Andrews v. Alcorn, 13 Kan. 351.

In the instant case, plaintiff's action is not founded upon his mother's will nor upon the final decree of distribution thereunder. In such a case, the general rule is that copies of such instruments are not required to be filed. 49 C. J. 610. However, since plaintiff referred to the instruments in his pleading, it would have been the better practice to have attached them, but failure to do so is not fatal. If defendants wished to rely upon the instruments as a ground for demurrer, they should have renewed the motion to make more definite and certain. There is nothing in the record to indicate copies of the will and the final decree were ever before the court. A district court does not take judicial notice of cases filed or of the subject matter, orders, and judgments entered in other courts of record. Woodford v. Panther Creek Oil Co., 50 Okla. 318, 150 P. 1065. Defendants' efforts to introduce the copies by incorporating them in their brief is improper and unavailing. Both parties seem to have sought the line of least resistance in the preparation of their pleadings and this appeal. In view of the conclusion that plaintiff has otherwise stated a cause of action, we are loath to hold that the defendant's slothfulness can profit by the indolence of the plaintiff. Under the state of the pleadings reflected by the record, the guardian's second ground for demurrer attempts to raise matters of defense and the same should have been overruled.

We shall assume that the record of the probate case referred to does show, as stated in the guardian's demurrer, that plaintiff was executor of his mother's estate and moved that the property be decreed to John Charles. Does this estop him from asserting his rights under the alleged contract with his mother?

Article 7, section 12, of the Constitution of Oklahoma provides that county courts shall have original jurisdiction in probate matters, but shall not have jurisdiction in any matters wherein the title or boundaries of land may be in dispute or called into question.

Pursuant to such constitutional provision it has been held that if an administrator, on exceptions to final account, claims title adversely to the estate, the county court must appoint another administrator to proceed in a court of competent jurisdiction to determine the title. In re Kelley's Estate, 132 Okla. 21, 269 P. 282. It has also been held that a county court, in the exercise of its probate jurisdiction, cannot determine questions of title so as to conclude persons claiming adversely to the estate by virtue of a guardian's sale of his ward's lands. Strawn v. Brady, 84 Okla. 66, 202 P. 505. See, also, Jefferson v. Winkler, 26 Okla. 653, 110 P. 755. A devisee takes only such title as his ancestor had, and the same is subject to such burdens as existed while in the hands of the ancestor. The county court has no jurisdiction to determine the title taken by the devisee. As was said in Bath v. Valdez (Cal.) 11 P. 724:

"The probate court may inquire if the estate has an interest in or title to real property, and, if this question is decided in the affirmative, may distribute such estate, but it has no jurisdiction to determine the quality of the title, whether it be good or bad, but will leave the parties to pursue their remedies in a proper forum."

Had plaintiff herein appeared in the probate proceedings or otherwise raised the question of his alleged interest in the land, the county court would have been without jurisdiction to consider the same.

The last ground of demurrer is likewise untenable. From the face of the petition, plaintiff's alleged right to the beneficial interest in the land was never questioned or threatened until sometime subsequent to the appointment of Jessie Fibikowski as guardian of John Charles. This action was commenced in August of the same year. The petition does not show on its face a condition from which it can be said as a matter of law that plaintiff is guilty of laches that prevents maintenance of this action.

The above conclusions have been reached in almost total disregard of defendants' brief, for the reason the citation and arguments therein deal almost entirely with the weight to be given questions of fact alleged by the petition. The question here is one of law as applied to the facts alleged, that is, whether, after admitting as true all the facts alleged and the inferences reasonably drawn therefrom, a cause of action is stated.

The case is remanded to the trial court, with directions to overrule the demurrers of the defendants and to reinstate the cause of action for such further proceedings as the parties may properly pursue.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, CORN, GIBSON, HURST, and

DAVISON, JJ., concur. DANNER, J., absent.