OWENS v. LUCKETT.

No. 30158. July 6, 1943.

*139 P. 2d 806.*

Moss & Young, of Tulsa, for plaintiff in error.

S. J. Clendinning and Wayne C. Evans, both of Tulsa, for defendant in error.

WELCH, J. Plaintiff commenced this action nearly two years after expiration of the limitation period for such an action under 12 O. S. 1941 § 1053. To toll the statute of limitations she alleged in her petition in detail that in another court she had filed a timely suit on this cause of action, and after issue there joined, but before trial, she had voluntarily dismissed the former action, thereafter commencing this action within the time allowed by 12 O. S. 1941 § 100.

Since otherwise the petition would have shown the cause to be barred, it was proper and necessary for plaintiff to allege facts to toll the statute of limitations. Owen v. Clark, 154 Okla. 108, 6 P. 2d 755; Delzell v. Couch, 70 Okla. 124, 173 P. 361; Martin et al. v. Gassert, 40 Okla. 608, 139 P. 1141; Micco v. Foster et al., 183 Okla. 89, 80 P. 2d 229, and Stauffer v. Watts, 73 Okla. 68, 174 P. 1031.

On trial of the cause no evidence whatever was offered to prove the allegations as to the filing and dismissal of the former action. There was no reference thereto in the evidence. The matter was not mentioned in the trial. The defendant, Owens, in the trial court presented and urged his right to a new trial for lack of any such proof, and here on appeal urges the same matter.

It is the rule long followed by this and other courts that when facts are relied upon to toll limitations, such facts must be both alleged and proven. For

decisions following this rule see Owens v. Clark, 154 Okla. 108, 6 P. 2d 755; Theis v. Board of County Com'rs, 22 Okla. 333, 97 P. 973; Allen et al. v. Garnett et al. (C.C.A. 10th Cir.) 100 F. 2d 555; Jolly v. Fidelity Union Trust Co. et al., 118 Tex. 58, 10 S. W. 2d 539; Memphis & L. R. Ry. Co. v. Shoecraft (Ark. 1890) 13 S. W. 422, and Taylor v. Chicago, R. I. & P. Ry Co., 208 Iowa, 1396, 227 N. W. 407. It is a logical rule, since without compliance therewith, and after lapse of the statutory period, the action cannot be brought at all under the plain words of the law, 12 O. S. 1941 §§ 92 and 95, and the right of action is *unavailable as a cause of action* as expressly provided in 12 O. S. 1941 § 102.

The plaintiff's brief concedes the rule of law that a general denial puts in issue such allegations of an exception to toll the statute of limitations, and thereby burdens plaintiff to make such proof. However, plaintiff contends no proof is necessary when the answer is unverified. No authority in support thereof is cited. The cited cases, Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921; Exendine et al. v. Iron et al., 153 Okla. 177, 4 P. 2d 1035, do not so rule. The statute imposing admissions by an unverified denial does not go so far as to support this contention of plaintiff. 12 O. S. 1941 § 286.

Some suggestion is made that defendant's contention on this point is trivial and places defendant in a strained position. This is so if we fully assume to be true all the detailed allegations of a former action and the status thereof. However, we have no more right to assume these allegations to be true, without proof, than the allegations as to the alleged death and the alleged circumstances thereof. They are all matters of proof and there must be evidence and proof thereof to support a judgment.

We are reluctant to reverse a judgment when the facts as to a former action may be exactly as alleged in plaintiff's petition, and when proof thereof could perhaps have been made quite easily, and perhaps would have

been made but for reliance of court or counsel upon a theory of admission for failure to specifically deny under oath. However, the law must be followed, and the applicable rule must be applied in one case as well as another. This court has no authority to impose admissions upon parties beyond those imposed by the law; nor the authority, by decision, to supply a complete lack of evidence in the record.

The defendant's motion for new trial presented this exact matter directly to the attention of the trial judge. He should then have observed that the record remained entirely blank of the slightest effort to present proof as to the facts alleged in reference to the former action. His order overruling motion for new trial, in that remaining status of the record, was error.

Some months after trial and judgment and overruling of motion for new trial, and after case-made had been served on attorneys for plaintiff, they presented their suggestion of amendments. Thereby they sought to have included in the case-made as exhibits to plaintiff's petition certain copies of the records and pleadings of a former action filed and dismissed in another court, as heretofore referred to in this opinion. The original petition did not have or refer to any attached exhibit. It referred to the alleged former action by style and number and stated in effect that by reference the records and pleadings of the former action were made a part of the plaintiff's petition.

This request to so amend the case-made was denied by the trial judge and no effort is made to cite authorities to show that such denial was error.

The plaintiff further suggests that if there was error in plaintiff's failure to prove the alleged facts as to the former action of the trial of this case, the same was waived by the conduct of opposing counsel. Citation is given to 26 R. C. L., p. 1036, and the decision in Muskogee Electric Traction Co. v. Richards, 97 Okla. 61, 222 P. 265. There we see stated and applied the wholesome rule of

waiver in a proper case, but neither the cited text nor decision furnishes any authority to impose a waiver as to some matter of substance which was not in any manner mentioned at any stage of the trial.

The plaintiff cites no other decision or authority to sustain any contention made or to refute the contentions of the defendant.

For the aforesaid error in overruling defendant's motion for new trial, the judgment is reversed and the cause remanded, with directions to grant a new trial.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.