SCHUMACHER v. SCHUMACHER et al.

No. 30624. Sept. 26, 1944.

Rehearing Denied Dec. 12, 1944.

*153 P. 2d 817.*

Wilson & Wilson and Coldiron & Coldiron, all of Enid, for plaintiff in error.

H. H. McKeever, of Enid, for defendant in error.

RILEY, J. This is an action commenced by plaintiff in error against Carl Schumacher and other heirs of Ferdinand Schumacher, deceased, and O. H. Hayes, to quiet title to the W.½ S.W.¼ sec. 2, twp. 22 N., R. 4 W., in Garfield county.

On October 20, 1921, plaintiff and Ferdinand Schumacher were married. At the time Ferdinand Schumacher was the owner of the land involved. Both had been married before and had grown children. Defendants Carl Schumacher, Lena Groneman, and Anna Rabe are children of Ferdinand Schumacher, deceased. Augusta Grother was also a child of Ferdinand Schumacher. While this action was pending in the district court, defendant Augusta Grother died and the cause was revived as to her in the name of Ed Groneman, administrator of her estate. Plaintiff relies on an alleged lost deed, and in her petition alleges that on March 29, 1923, Ferdinand Schumacher, for a valuable consideration, did execute and deliver to plaintiff a warranty deed conveying said property to her; that plaintiff deposited the deed in the Farmers State Bank of Garber, Okla., for safekeeping; that thereafter the bank became insolvent, and since then request has been made for the deed to the liquidating agent and the State Banking Department, but after diligent search, the deed is ascertained to be lost.

Plaintiff alleged that she neglected to place the deed on record, but on May 19, 1927, she did place on record a memorandum of said transaction. A copy is attached to the petition, together with an alleged true copy of the deed. One of the instruments so placed of record follows:

"Enid, Oklahoma, March 29, 1923

"To the Farmers State Bank,

"Garber, Oklahoma.

"Gentlemen:

"The deed herewith, made this 29th day of March, 1923, by Ferdinand Schumacher, joined by his wife, Nellie Schumacher, to Nellie Schumacher, as party of the second part, has this day been executed and acknowledged, and has this day been delivered by the undersigned, Ferdinand Schumacher, to Nellie Schumacher, and the same is hereby deposited by the said Nellie Schumacher in your bank to be held by you for safe keeping until the death of the said Ferdinand Schumacher; and after the death of the said Ferdinand Schumacher, you are hereby authorized and directed to file the said deed with the County Clerk of Garfield County, and to have said deed recorded upon the records of Garfield County, Oklahoma, and then returned to the said Nellie Schumacher, or her heirs and assigns. The recording fees, in the sum of $2.00 are handed you herewith by the said Nellie Schumacher.

"Dated this 29th day of March, 1923.

"Ferdinand Schumacher
"Nellie Schumacher"

It was acknowledged before a notary public, and had attached thereto a receipt as follows:

"The above described deed conveying the West Half of Southwest Quarter of Section 2, Twp. 22, Range 4, W.I.M. Garfield County, Oklahoma, to Nellie Schumacher, received this_____day of March, 1923.

"Farmers State Bank of Garber, Oklahoma

"By G. G. Smith, Cashier"

Defendants Carl Schumacher, Ed H. Groneman, administrator of the estate of Augusta Grother, Lena Groneman, and Anna Rabe filed answer in which they admitted that Ferdinand Schumacher and plaintiff were husband and wife; that Ferdinand Schumacher was the owner of the land involved, and denied that the alleged deed from Ferdinand to plaintiff was executed for a good, valid, or sufficient consideration. They denied that the deed was ever properly delivered. They alleged that on or about January 9, 1924, Ferdinand Schumacher and plaintiff, being in domestic difficulties, entered into an agreement whereby plaintiff was on that date paid the sum of $1,500 as full and complete property settlement, at which time it was agreed that said plaintiff should relinquish any interest in property belonging to Ferdinand Schumacher, including the land here involved; that pursuant to the agreement, Ferdinand Schumacher filed a petition for divorce in the district court of Garfield county; and Nellie L. Schumacher filed her appearance in said divorce proceeding and waived issuance and service of summons, and therein stated:

"And said defendant, Nellie L. Schumacher, hereby accepts the sum of One thousand five hundred ($1,500.00) dollars in full and complete satisfaction of any and all claims against said plaintiff and hereby waives all right, title, interest or claim in and to any real estate now owned by said plaintiff, Ferdinand Schumacher."

A decree of divorce was entered, which later was set aside, but that Nellie L. Schumacher retained the $1,500 which was the consideration for the property settlement; that on August 4, 1927, Ferdinand Schumacher died intestate; and on January 3, 1929, plaintiff herein filed suit in the district court of Garfield county against the four children of Ferdinand Schumacher wherein she sought to establish title to S.W.¼ of sec. 2, twp. 22 N., R. 4 W.I.M., which includes the land here involved. Therein plaintiff based her case upon an alleged antenuptial agreement. On June 6, 1925, after the decree of divorce was set aside and plaintiff had returned to live with Ferdinand as his wife, the suit was decided adversely to plaintiff on September 28, 1929. In the administration proceedings and in the suit on the alleged antenuptial agreement, plaintiff made no claim that she ever had a deed for the land here involved. By reason thereof, defendants plead estoppel against plaintiff from asserting any interest in said property by reason of the deed. Laches is relied upon. Defendants plead that in the administration of the estate of Ferdinand Schumacher, plaintiff was allowed a homestead right in the entire S.W.¼ of said sec. 2, and in the final decree of distribution she was given a one-fifth interest in the quarter section and each of the four children of Ferdinand was given a one-fifth interest; that plaintiff had possession of said premises under her homestead right for a few years, but that she abandoned same; that on or about October, 1938, Carl Schumacher filed an action in partition against Augusta Grother, Lena Groneman, Anna Rabe, his three sisters, and Nellie L. Schumacher; that on November 20, 1938, the court entered a decree confirming the interest of the parties as in the decree of distribution in the county court; that the court further decreed that Nellie L. Schumacher had abandoned her life estate in such premises and ordered partition; that the property was appraised at $4,500, and that Lena Groneman, one of the defendants as owner of one-fifth interest therein, elected to take the property at the appraised value and sheriff's deed

was executed to her under the partition proceeding, and the said Lena Groneman sold and conveyed the property to O. S. Hayes.

Defendant Hayes filed his separate answer, which is substantially the same as that of the other defendants.

Trial was to the court without a jury, resulting in a finding and decree for defendants. Plaintiff appeals.

Fourteen assignments of alleged error are presented under three propositions. The principal question is whether the decree is clearly against the weight of the evidence.

Under the first proposition, plaintiff asserts that the evidence is undisputed that the real estate was deeded to plaintiff in error by Ferdinand Schumacher; that for want of a verified denial, the pleading constitutes an admission of execution and delivery of the deed.

The competency of plaintiff as a witness concerning the alleged transaction between her and Ferdinand Schumacher, deceased, is not challenged.

Plaintiff testified that a deed was executed to her on March 29, 1923, and acknowledged by Ferdinand Schumacher; that the deed conveyed the land involved; that the deed was on the same day placed in the Farmers State Bank at Garber, as shown by the written statement to that effect. However, there is no evidence that the deed was in the bank or in existence at the date of the death of Ferdinand Schumacher, August 4, 1927. Plaintiff testified that she never took the deed out of the bank; that to the best of her knowledge Ferdinand never did so.

There are many fact and circumstances tending strongly to show that as a result of subsequent transactions between the plaintiff and Ferdinand, the deed may have been returned to Ferdinand during his lifetime.

August 16, 1927, in administration proceedings in the estate of Ferdinand Schumacher, deceased, plaintiff herein filed an objection to the appointment of Carl Schumacher as administrator. Therein she sought to have admitted to probate an alleged will of Ferdinand Schumacher, which she stated had been torn to pieces by her, under the promise to her by Carl Schumacher that deceased would deed to her the west 80 acres of the S.W.¼ of sec. 2, twp. 22, R. 4, which "he failed to do."

On January 2, 1929, plaintiff commenced an action in the district court of Garfield county against the four children of Ferdinand Schumacher. Therein she sought to establish title as against the defendants, in the entire S.W.¼ of said sec. 2, based upon an alleged antenuptial contract between plaintiff and Ferdinand Schumacher. In an amended petition in that action, filed September 28, 1929, plaintiff alleged ratification of the alleged antenuptial agreement:

"Enid, Oklahoma          June 6, 1925

"I, Ferdinand Schumacher, the undersigned do promise my wife Nellie Schumacher that (if she will return to me and live with me the rest of my life and be as good to me as she was before we separated.) I will give her my Farm of one hundred and fifty nine acres 2 miles south and one west of Garber, Okla. at my Death:

"I am old and need a Home. My wife is good to me and I promised her my Farm before I married her. I am giving her a check on the Farmers State Bank at Garber for two thousand Dollars to be cashed at my Death. I want her to have this money and the Farm for her own and her heirs. And all Machinery."

That action was prosecuted to final judgment in favor of defendants. About one year after decree of divorce was entered in favor of Ferdinand Schumacher, the parties became reconciled; the decree of divorce was set aside upon the application of Ferdinand Schumacher. Plaintiff was paid the sum of $1,500 as provided in the waiver to the divorce proceeding. She paid back of the sum only about $600.

It was stipulated that the Farmers

State Bank at Garber was legally closed March 1, 1935. The deed upon which plaintiff relies could not be found.

The bank remained open five and one-half years after the death of Ferdinand Schumacher. During all that time plaintiff made no demand on said bank for the possession of the deed; no mention of the deed was made in any of the proceedings filed by plaintiff. She never at any time made claim under the deed until this action was commenced in 1940. That was 17 years after date of the deed.

The trial court stated from the bench, as a reason for the judgment, that plaintiff was estopped by conduct from asserting her claim under the deed; that in the long delay in asserting her claim under the alleged deed, plaintiff was guilty of laches.

The Farmers State Bank was not closed until March 1, 1933, approximately 5½ years after the death of Ferdinand Schumacher. During all that time plaintiff made no effort to obtain the deed from the bank. She made no demand that the bank place the deed on record as directed in the instrument under which the deed was placed in the bank.

In the probate proceeding, plaintiff made the solemn declaration under oath that Carl Schumacher had promised her if she would tear up a purported will of Ferdinand Schumacher, that Ferdinand would deed the land in question to her, which was never done.

It may fairly be inferred that by some agreement between plaintiff and Ferdinand in the various compromise agreements between them concerning division of property, Ferdinand in his lifetime was authorized to and did withdraw the deed from the bank. Otherwise, the disappearance of the deed from the bank cannot be explained.

Plaintiff contends that it was not necessary for her to assert or defend her title in the county court during the probate proceedings of her husband's estate, for the reason that the county court was without jurisdiction to determine or adjudicate title to real estate. The county court did not attempt to adjudicate the title to the land. The county court did hold that the S.W.¼ of sec. 2, twp. 22 N., R. 4, was not an asset of the estate of Ferdinand but was the homestead. The court set the land aside to the widow, Nellie L. Schumacher, and then distributed same, subject to said homestead rights, to the widow and four children of Ferdinand, one-fifth to each. In Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921, it is held:

"A county court in the exercise of its probate jurisdiction cannot determine questions of title. It may inquire if the estate has an interest in or title to real property, and if affirmatively answered may distribute such estate, but it cannot determine the quality of the title. The parties will be left to pursue their remedies in proper forum."

The county court in the administration proceeding in the estate of Ferdinand Schumacher did that and no more. The decree of distribution bound no one as to the title. It merely fixed the proportionate share of each of the heirs of Ferdinand as to whatever interest Ferdinand had in the land, and made the land subject to the homestead right of the widow, Nellie L. Schumacher.

But in the said probate proceedings, plaintiff, Nellie L. Schumacher, did assert in writing that Carl Schumacher had promised the plaintiff that if she would tear up a purported will of Ferdinand, Ferdinand would deed plaintiff the west 80 acres of S.W.¼ of sec. 2, twp. 22 N., R. 4 west; that she had torn said will to pieces, but that Ferdinand failed to deed her the said 80 acres of land. This was August 16, 1927, shortly after the death of Ferdinand, at the very time when the purported deed relied upon was supposed to be in the Farmers State Bank, and more than five years before the bank closed. This

pleading tended strongly to show that plaintiff then knew the said purported deed was no longer in existence.

The decree is not clearly against the weight of the evidence.

Affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, HURST, DAVISON, and ARNOLD JJ., concur.