KELLEY v. LOWDER'S HEIRS, etc., et al.

No. 34646.   April 29, 1952.

*243 P. 2d 1006.*

W. Custer Service and Jayne N. Mendenhall, Enid, for plaintiff in error.

Charles D. Scales, Oklahoma City, for defendants in error.

PER CURIAM.   E. N. Kelley filed this action on July 8, 1949, to quiet title and recover possession of lots 1 and 2, block 2, Subers Addition to the city of Edmond, Oklahoma. He also prayed for judgment for rents claimed to be due from Charles Lowder and wife.

On January 27, 1950, the court sustained a demurrer of the defendants Charles Lowder and wife to the second amended petition of plaintiff and entered an order dismissing the action. The case was dismissed upon the ground that plaintiff's cause of action was barred by the statutes of limitation. The plaintiff had elected to stand upon his second amended petition and has appealed from the order sustaining the demurrer and dismissing the case.

The record lodged in this court is denominated "Transcript and Case-

Made." We conclude that the record is a transcript of the record and not a case-made. This disposes of the contention that the case-made was not properly served. In Jones v. State, 9 Okla. Cr. 189, 130 P. 1178, our Criminal Court of Appeals defined a "case-made" and a "transcript of the record" in the following language in the second syllabus:

"A 'case-made' consists of those things which transpired in court during the trial, and which are not a part of the record, while a 'transcript of the record' contains everything of which the clerk is required to make a record."

In Meeks v. Oklahoma National Bank of Skiatook, 129 Okla. 280, 264 P. 609, it was said in the first syllabus:

"The record proper in a civil action consists of the petition, answer, reply, demurrer, process, rules, order and judgment, and the action of the court in sustaining a motion for judgment on the pleadings may be reviewed on the transcript of the record where it appears from the judgment itself that it was rendered upon the pleadings."

It is clear, from the record and from the order and judgment itself, that it was rendered on the pleadings. No evidence was introduced, and we think the record before us clearly is a transcript of the record.

This action was filed July 8, 1949, alleging that the plaintiff owned the above described land by reason of a resale tax deed issued to him May 26, 1942, and recorded June 12, 1942. It will be noted that slightly more than seven years had elapsed between the recording of the resale tax deed held by plaintiff and the filing of this action.

The plaintiff does not deny that his second amended petition shows that more than two years had elapsed between the recording of his resale tax deed and the filing of this action, but claims that Charles Lowder and wife are not the former owners of the land and have no legal or equitable title or interest therein, and are not qualified to plead the statutes of limitations.

Subd. 3, §93, 12 O. S. 1941, dealing with limitation of real actions, is as follows:

"An action for the recovery of real property sold for taxes, within two years after the date of the recording of the tax deed."

This provision was amended by the 1949 Legislature by making the limitation five years.

We are of the opinion that Charles Lowder and wife, as defendants, had a right to demur to the petition of plaintiff and to plead the statute of limitations, since the petition showed on its face that the plaintiff's claim was barred. In Owens v. Luckett, 192 Okla. 685, 139 P. 2d 806, it is announced in the second syllabus:

"Where a petition shows upon its face that the action brought is barred by the statutes of limitation, and the plaintiff pleads the saving provision of 12 O. S. 1941 §100, to toll the statute, the burden is upon the plaintiff to properly allege facts sufficient to toll the statute and to prove facts sufficient to toll the statute by competent testimony." (Citing Owens v. Clark, 154 Okla. 108, 6 P. 2d 755.)

In Lawyer v. Crowe Coal Co. et al., 196 Okla. 465, 166 P. 2d 1009, it was held that the holder of a resale tax deed must commence an action for possession within two years from the date such deed is recorded, citing Lane v. Bass, 193 Okla. 682, 146 P. 2d 563. Under the ruling in Owens v. Luckett, supra, plaintiff's second amended petition was subject to a demurrer, because it did not contain any allegation of fact which could have been relied upon to toll the statute of limitations. The court required Charles Lowder and wife to pay into court the amount necessary to redeem the land, and that was done, as shown by the order of the trial judge entered February 6, 1950.

Since we have concluded that plaintiff's cause of action was barred by the two-year statute of limitations, and that he pleaded no facts to toll the statute, we find no error in the action

of the trial court in sustaining the demurrer of the defendants and dismissing plaintiff's suit; and it is not necessary to discuss any other issues raised by the plaintiff. The judgment of the trial court is therefore affirmed.

This court acknowledges the services of Attorneys T. W. Arrington, A. E. Montgomery, and Charles H. March, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

ARNOLD, C. J., HALLEY, V. C. J., and CORN, JOHNSON, and O'NEAL, JJ., concur. WELCH, GIBSON, and DAVISON, JJ., concur in conclusion.