Jill HAGY and Michael Entz, as co-guardians of Travis Shane Hagy; and Jill Hagy, individually, Plaintiffs,

v.

AMERICAN HONDA MOTOR CO.; Honda Motor Co., Ltd.; and Honda R & D Co., Ltd., Defendants.

No. Civ–00–1049–A.

United States District Court, W.D. Oklahoma.

Dec. 20, 2000.

R. Thomas Beadles, Sill Beadles John-son Biscone & White PA, Oklahoma City, OK, James D. Sill, Angela M. White, Shan-non B. Sill, Sill Beadles Johnson Biscone & White, Shawnee, OK, Christopher John Bergin, Oklahoma City, OK, for Plaintiffs.

Gary M. Chubbuck, Chubbuck Smith Rhodes Stewart & Elder, Oklahoma City, OK, for Defendants.

### ORDER

ALLEY, District Judge.

Before the Court are multiple motions filed by the defendants: American Honda Motor Co.'s Rule 12 Motion for Judgment on the Pleadings, Rule 12 Motion to Dismiss, Motion to Stay, and Motion to Strike, filed September 26, 2000; Honda R & D Co., Ltd.'s Rule 12 Motion for Judgment on the Pleadings, Motion for Summary Judgment, Rule 12 Motion to Dismiss, Motion to Stay, and Motion to Strike, filed October 11, 2000; and Honda Motor Co., Ltd.'s Rule 12 Motion for Judgment on the Pleadings, Rule 12 Motion to Dismiss, Motion to Stay, and Motion to Strike, filed October 16, 2000.[1] Plaintiffs have filed a single, combined response in opposition to all of these motions. For reasons that follow, the Court denies the motions.

A discussion of defendants' motions must begin with the procedural history of the litigation. This diversity case involves products liability and negligence claims alleging defects in the manufacture and design of a three-wheeled all-terrain vehicle. It is the third lawsuit filed by Jill Hagy, individually and on behalf of her husband, to recover for serious injuries suffered by Mr. Hagy in an accident that occurred May 14, 1994. The first case (Hagy I) began in state court on March 9, 1995, in Oklahoma County, Case No. CJ–95–1563. The sole defendant, American Honda Motor Co., removed the case, and it was assigned No. CIV–95–628–A (W.D.Okla.). Following an unsuccessful motion to add a nondiverse defendant (the Oklahoma retailer) and to remand the case, plaintiffs initiated another state court action in Oklahoma County (Hagy II) on August 23, 1995, Case No. CJ–95–5721, against the Oklahoma defendant, American Honda, and others (the defendants in this case). On November 2, 1995, this Court granted a voluntary dismissal of Hagy I at plaintiffs' request, made before any answer or summary judgment motion had been filed and so governed by Fed.R.Civ.P. 41(a)(1).

The parties inform the Court of the following facts concerning Hagy II, supported by copies of select parts of the state court record: The case proceeded to a jury trial, except that the Oklahoma defendant and Honda R & D Co. were dismissed without prejudice at the beginning of trial on September 9, 1996. Before and during the trial, plaintiffs abandoned certain legal theories of recovery, namely, negligence and failure to warn. The jury returned a verdict for plaintiffs. Defendants appealed the judgment, which was reversed on August 7, 1998, and the case was remanded for a new trial. After remand, retrial was set for January 2000 and then continued to April 2000. Plaintiffs voluntarily

---

1. The motions and briefs of American Honda Motor Co. and Honda Motor Co., Ltd. are identical; the latter merely joins in the former's filing.

dismissed the case without prejudice on April 17, 2000. They then commenced this action (Hagy III) by filing a federal complaint on June 13, 2000. In addition to rejoining Honda R & D Co., plaintiffs reassert allegations of negligence and failure to warn. By an amended complaint filed September 7, 2000, plaintiffs allege that this suit is timely filed under Oklahoma's "savings statute," Okla.Stat. tit. 12, § 100.

Defendants invoke several procedural rules, including Fed.R.Civ.P. 12(b)(6), 12(c) and 56, but raise common and overlapping issues: (1) Whether plaintiffs' claims are time-barred by Oklahoma's two-year statute of limitations, Okla.Stat. tit. 12, § 95 (Third); (2) Whether plaintiffs' conclusory allegation that "[t]his action was refiled pursuant to the Oklahoma savings statute, 12 O.S. § 100" is sufficient to state a timely claim; (3) Whether by operation of § 100, plaintiffs' claims against Honda R & D Co. expired on September 9, 1997, one year after it was dismissed from Hagy II; (4) Whether "some form" of federal abstention doctrine would justify an order staying this case and requiring plaintiffs to return to state court; and (5) Whether previously dismissed claims (that is, ones asserting negligence and failure-to-warn theories and all against Honda R & D Co.) should be stricken from the amended complaint.

■■■ The relief sought based on Issues 1 & 2 is a final disposition of all claims. These issues are raised by motion under procedural rules that require a decision based solely on the pleadings, Rule 12(b)(6) and (c). Facially, defendants' argument appears well taken that the amended complaint fails to state timely claims by simply invoking the savings statute. Under Oklahoma law, plaintiffs bear the burden of pleading sufficient facts to demonstrate that their claims are not time-barred, and when they rely on the savings statute to preserve claims, they

must include factual allegations concerning the filing and pendency of a prior, timely suit. *See Kelley v. Lowder's Heirs,* 206 Okla. 390, 243 P.2d 1006, 1008 (1952); *Owens v. Luckett,* 192 Okla. 685, 139 P.2d 806, 807 (1943). Here, pertinent facts concerning Hagy II are not contained within the pleadings or federal court records (which would permit judicial notice) but are presented only in the parties' arguments and supporting exhibits. On the other hand, these facts are undisputed and are shown by state court records submitted by defendants. The Court therefore treats defendants' Rule 12 motions as ones for summary judgment under Rule 56 and considers the parties' undisputed facts. These facts support plaintiffs' assertion of § 100 by showing that this suit was timely brought following the dismissal of Hagy II, which was filed within the two-year limitations period. Defendants' statute of limitations argument ignores the pendency of Hagy II and the effect of § 100 on the expiration of the limitations period. The statute provides:

> If any *action is commenced within due time,* and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such *action otherwise than upon the merits,* the plaintiff, or, if he should die, and the cause of action survive, his *representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.*

Okla.Stat. tit. 12, § 100. By its plain terms, this provision for refiling an otherwise time-barred action applies to Hagy II, which was "commenced within due time," and was voluntarily dismissed by plaintiffs, who thus failed "otherwise than upon the merits." Therefore, this suit—filed within one year after the dismissal of Hagy II—is not time barred.[2]

---

2. Defendants' argument that the savings period necessarily began to run from the dismissal of Hagy I and rendered plaintiffs' action

time-barred after November 6, 1996, is incorrect. While it is true that § 100 "affords one and only one refiling if a case is dismissed

■ As to Issue 3, Honda R & D Co. has moved for summary judgment on the ground that the one-year savings period of § 100 began to run for another action against it when it was dismissed from Hagy II in 1996. Plaintiffs' response does not address specifically the timeliness of their claims against this defendant or the issue whether the one-year time limit may run as to a particular defendant from the date of its dismissal from a multi-defendant case, rather than dismissal of the whole case. In fairness to plaintiffs, however, Honda R & D Co. provides no legal authority for its position, other than the statute itself, and the Court's legal research has produced no Oklahoma case law on the issue. While a plaintiff may not add new defendants to a second action, *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 962 (10th Cir.1991), the Court knows of no authority holding that a plaintiff may not include all prior defendants in the new case. By its plain language, the statute concerns the commencement and failure of an "action." In Oklahoma, as in federal practice, an action is commenced by plaintiff's filing an initial pleading (either a complaint or petition), Fed.R.Civ.P. 3; Okla.Stat. tit. 12, § 2003; and ends as to fewer than all parties in a multiparty action only if the court directs the entry of a final judgment as to one or more parties and makes an express determination that there is no just reason for delay, Fed.R.Civ.P. 54(b); Okla.Stat. tit. 12, § 994. The existing record contains nothing to show that plaintiff's voluntary dismissal of Honda R & D Co. in 1996 was accompanied by any court order or decision containing an express direction for the entry of a separate judgment as to this one defendant. Therefore, the Court concludes that the failure of Hagy II occurred upon the dismissal of the entire case in April 2000 and that, so far as the savings statute is concerned, plaintiff could commence a new action against the same parties within one year.

■ The abstention issue merits only brief comment. Defendants do not identify any particular doctrine of federal abstention that might apply under the circumstances and present no authority for their extraordinary request that the Court order plaintiffs to refile their action in state court. Defendants' lone citation of legal authority for abstention is a nonexistent concurring opinion in *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992).[3] None of the doctrines discussed in that case apply to the circumstances of this one, where no state proceeding between the parties is pending. Therefore, defendants' motion for a stay is unfounded.

■ Finally, defendants ask alternatively for an order striking portions of the complaint, namely, certain theories of liability and all claims against Honda R & D Co. They base this request on an alleged agreement between the parties in Hagy II limiting the issues for trial and a state district court order enforcing the alleged agreement. Defendants have chosen an improper procedural device for raising their defense that plaintiffs agreed to waive certain claims or theories of recovery. Rule 12(f) authorizes a party to move to strike from an opponent's pleading before filing a responsive pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). This rule does not permit the relief sought—dismissal of claims and parties. Defendants' quest to enforce the alleged collateral agreement should be pursued, if warranted, through a motion for summary judgment filed at the proper time pursuant to Rule 56 and Local Court

---

after limitations has run," *Grider v. USX Corp.*, 847 P.2d 779, 782 (Okla.1993), Hagy I was dismissed within the original limitations period.

**3.** Defendants refer to a concurrence of Justice Kennedy, who actually filed no opinion but joined with the majority, and cite erroneous page numbers. (Def. American Honda Motor Co.'s Br. at 14–15.)

Rule LCvR56.1. Moreover, the existing record does not contain undisputed facts reflecting the terms of the alleged agreement and, specifically, its intended extension beyond Hagy II.[4] Thus, defendants' motion to strike fails.

In conclusion, the Court finds that defendants are not entitled to judgment, dismissal, or stay of the case, or to have some allegations stricken from the complaint. Therefore, defendants' pending motions to enter judgment, dismiss, stay, and strike [Docs. 10, 12 & 16] are DENIED.

---

4. To the extent defendants may seek to limit plaintiffs' new case based on the effect § 100, Oklahoma law is clear that the statute allows the refiling of the same causes of action asserted in a prior case and that a cause of action is defined using a transactional approach that permits inclusion of all theories of liability arising from the same operative event. *See Wiley Elec., Inc. v. Brantley,* 760 P.2d 182, 184 (Okla.1988); *Chandler v. Denton,* 741 P.2d 855, 862–63 (Okla.1987).