FRIEDA McINTIRE, Appellant, v. HARRY GORDON, Appellee.

No. 45827.

JUNE 16, 1942.

Harold E. Wilson and E. W. Mead, for appellant.

Lane & Waterman and Nathan Grant, for appellee.

MILLER, J.—Plaintiff's petition was filed August 19, 1940. It asserts that on December 11, 1936, defendant's employee, Harry Lewis, was operating an automobile and negligently drove it into an automobile in which plaintiff was riding as a passenger, severely injuring plaintiff, for which injuries plaintiff demands judgment in the sum of $10,000. Among the allegations of the petition were the following:

"That this cause of action of this plaintiff and against the defendant, Harry Gordon, was originally filed on or about the 25th day of December, 1936, in the District Court of Muscatine County, Iowa, in a cause of action number 19577, wherein Frieda McIntire was plaintiff and Harry Lewis, Harry Gordon and C. B. McIntire were made defendants. That after considerable delay caused by the defendants Lewis and Gordon in prosecuting an appeal to the Supreme Court from an adverse ruling on a question of appearance, the cause was brought to trial on or about April 1, 1938.

"That a mistrial was brought about by acts of the defendant's counsel and through no fault of the plaintiff, that thereafter negotiations for settlement were attempted and, after failing, this cause of action was brought to trial at the January term of said Court on or about the 10th day of March, 1940, and that at said trial the Court entered his order dismissing the

defendant, Harry Gordon. And that said order became final on the 15th day of August, 1940, when a motion for a new trial filed by the plaintiff was by said Court overruled.

"That this plaintiff has not been guilty of any negligence in the prosecution of said cause of action or in the filing of the present cause of action."

Defendant moved to strike the allegations of the petition above quoted "upon the ground that the same is immaterial, irrelevant, incompetent, redundant, mere surplusage and not essential to the statement of plaintiff's alleged cause of action, and upon the further ground that said allegations have been included in her petition by the plaintiff only for the purpose of anticipating or negativing a possible defense which the defendant may or may not offer in this action." The motion to strike was sustained. Defendant then filed a demurrer because the petition shows that the action is barred by the two-year statute of limitations, section 11007, par. 3, Code, 1939. The demurrer was sustained. Plaintiff was granted 15 days to plead over but refused to do so, stood on the rulings, and the action was dismissed. Plaintiff appeals to this court.

Plaintiff assigns as error the rulings on the motion to strike and the demurrer. However, with that portion of the petition stricken which is quoted above, the petition showed on its face that the statute had run. The ruling on the demurrer was proper as the petition then stood. The gist of plaintiff's contention is that the court erred in sustaining the motion to strike, and, had the motion to strike been overruled, the petition would not be vulnerable to demurrer; therefore, the adverse ruling on the motion to strike was reversible error. Defendant's contention is that the ruling on the motion to strike was proper, but, if not, the petition as originally constituted was vulnerable to demurrer on the ground that the statute had run, and therefore the adverse ruling on the motion to strike was not prejudicial to plaintiff. We are disposed to agree with the plaintiff and to disagree with the defendant.

The ground of the motion to strike was that the allegations were surplusage, not necessary to the cause of action, and anticipatory of defensive matter. However, the allegations were ob-

viously included for the sole purpose of avoiding the very thing that happened, namely, the dismissal of the action on the ground that the statute had run. The motion to strike was not well grounded. The ruling thereon was erroneous.

 This brings us to the question whether the petition, as originally drawn, was vulnerable to demurrer on the ground that the statute had run.

The limitation of the statute is two years. Since the petition was filed nearly four years after the cause of action accrued, the action can be maintained, if at all, by reason of the provisions of section 11017, Code, 1939, which provides as follows:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

The action in the district court of Muscatine county was commenced in December 1936. It was timely. The dismissal of that action became final August 15, 1940. This action was commenced four days later. That was also timely if the first action failed "for any cause except negligence in its prosecution." Does the petition meet this requirement?

The petition originally alleged, "That this plaintiff has not been guilty of any negligence in the prosecution of said cause of action or in the filing of the present cause of action." Defendant contends that this is a mere conclusion and not sufficient, relying upon our statements in Taylor v. Chicago, R. I. & P. R. Co., 208 Iowa 1396, 1399, 1400, 227 N. W. 407, 408, to wit:

"The plaintiff had the burden of alleging and proving facts sufficient to show freedom from negligence in the prosecution of the first action, in order to come within the purview of the provisions of Section 11017. * * * In the case at bar, the record is barren of any facts tending to show that plaintiff was not negligent in the prosecution of the first action, and the statement in the petition that said dismissal was not made 'on account of negligence in the prosecution thereof' is a mere conclusion."

The foregoing statement is dictum because it is followed immediately by the statement:

"However, it may be said, in passing, that the pleading and absence of proof are not determinative of the proposition relied upon by plaintiff."

Thus we are now faced with the contention that this dictum should be applied by us to the effect that the allegations, "That this plaintiff has not been guilty of any negligence in the prosecution of said cause of action or in the filing of the present cause of action", must be ignored in determining whether plaintiff may claim the benefit of section 11017.

In determining this question, we must consider the situation of the parties. When the defendant's demurrer was sustained, plaintiff was faced with the necessity of making an election. If she desired to appeal, it was necessary to stand on the ruling. Otherwise, she had 15 days to plead over. Were she to attempt to amend her petition, the only type of amendment that would avoid the ground of the demurrer which had been sustained would contain allegations similar to those which the court had previously stricken. The ground of the motion to strike was that the allegations were immaterial, surplusage, and anticipatory. Assuming that the court would adhere to its former position, the filing of such an amendment would provoke another motion to strike and a ruling thereon, favorable to defendant. Accordingly, the situation was such that plaintiff was, in effect, barred from properly pleading matter which would permit her to claim the benefit of section 11017 of the Code. The proposition that the allegations, originally incorporated in the petition to invoke said section 11017, were not sufficient because merely the statement of a conclusion was not raised below. In view of the peculiar manner in which the question is now presented to us, we are unwilling to affirm the case on that ground.

The ruling on the motion to strike was error. That error has resulted in the dismissal of plaintiff's action without affording plaintiff an opportunity to claim the benefit of section

11017 if it is available to her. We, therefore, consider the error to be prejudicial.

The cause is reversed.—Reversed.

BLISS, C. J., and GARFIELD, SAGER, HALE, WENNERSTRUM, STIGER, and MITCHELL, JJ., concur.