BERNARD W. HITCHCOCK, appellee, v. DEPARTMENT OF PUBLIC SAFETY of the State of Iowa, appellant.

No. 49576.

(Reported in 98 N.W.2d 1)

July 24, 1959.

Norman A. Erbe, Attorney General, and Don C. Swanson and Carl H. Pesch, Assistant Attorneys General, for appellant.

Pike, Hoxie, Butler & Teske, of Waterloo, for appellee.

Hays, J.—Plaintiff's petition for a writ of certiorari to the district court stated that his license to drive a motor vehicle had been suspended by the defendant, acting under the provisions of section 321.210, Code of 1958; that the defendant acted illegally and exceeded its jurisdiction in that the asserted ground upon which the suspension was made is not one authorized by said statute. The suspension was for thirty days. The writ issued and all proceedings stayed pending hearing thereon. Defendant by answer denied most of the allegations of the petition and in Paragraph 5(e) thereof, stated: "That the plaintiff has failed to pursue the administrative remedies provided * * * under section 321.211 * * * for an administrative hearing, from which hearing the legislature has specifically provided for a right of judicial review * * * under section 321.215; that the legislature in affording to each licensee the right to both administrative and judicial review has provided an exclusive means of review * * *." Defendant then requested a separate adjudica-

tion of law points under rule 105, R. C. P. Two propositions were submitted to the court and both were decided adverse to the defendant. Right to appeal was denied under rule 332, R. C. P. Thereafter under a stipulation of facts the writ was sustained and the suspension annulled. Defendant appeals.

The only errors assigned on this appeal concern the rulings upon the two legal propositions presented under rule 105. This rule provides: "The court * * * must on application of either party, made after issues joined and before trial, separately hear and determine any point of law raised in any pleading which goes to the whole or any material part of the case. * * *."

I. Error No. 1 is the court's negative answer to the following question: "Does the establishment by the legislature of the process of notice and opportunity for administrative hearing under section 321.211 require the plaintiff to exhaust his remedies thereunder before resorting to the procedure provided for by section 321.215?"

Section 321.210 authorizes the defendant to suspend a license without a preliminary hearing under certain conditions. Section 321.211 provides that upon the request of the licensee, he shall be afforded an opportunity for a hearing within not to exceed twenty days after such request. Section 321.215 provides that any person whose license has been suspended may within thirty days thereafter petition a court of record for a hearing thereon, which hearing shall be had upon thirty days notice to the Commissioner and shall be determined as an original proceeding upon a transcript of the proceedings before the Commissioner and upon additional evidence and other pleadings as the court may require. The decision of the court shall be final.

The legal proposition presented is simply this: may one whose license has been suspended, under section 321.210, petition a court of record for a review thereof, under section 321.215, without first having had a hearing as authorized by section 321.211?

This is not a proceeding under section 321.215 but an action of certiorari. Whether the answer be "yes" or "no", such answer would in no way go "to the whole or any material part of the case", nor is such issue in any way raised in the pleadings.

Such law point presents nothing more than an attempt to obtain an advisory opinion on the question. This we decline to give and therefore pass this assigned error.

II. The negative answer to the second law point is also assigned as error. This point is: "Does the establishment by the legislature of the process of notice and opportunity for judicial review and determination under section 321.215 require the plaintiff to exhaust his remedies thereunder before resorting to application for a writ of certiorari under rule 306 R. C. P.?"

Rule 306 provides: "A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally."

An examination of the pleadings shows that certiorari is objected to as not being available to the plaintiff, for the sole reason that sections 321.211 and 321.215 constitute an exclusive and sole remedy for a review of an act done under section 321.210. Nowhere is there any issue raised to the effect that the defendant was not acting in a judicial capacity and yet both parties argue this question at considerable length. Neither can it be said that the question is raised in the law point presented.

The parties also argue as to whether or not the hearing provided by section 321.215 is de novo or otherwise. It is claimed by defendant that we should hold it to be de novo and then assert that having so found, to allow certiorari would be inconsistent with the legislative intent as expressed in section 321.215. We are not impressed with this argument and find no occasion to determine the nature of a hearing provided for under section 321.215.

If any legal point is presented by this second proposition, such as is contemplated by the rule, it is simply whether or not, the legislature having provided a method for review, certiorari is barred. This may, and probably would, have been true before the Rules of Civil Procedure were adopted, and the cases cited by the appellant deal with that era. However rule 308 says that "the writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy", thus

materially changing the old rule relative to certiorari, and provides a complete answer to appellant's contention even assuming that the procedure authorized by section 321.215 furnishes a speedy, plain and adequate remedy.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

BLISS, GARFIELD, GARRETT, LARSON, OLIVER, PETERSON, and THORNTON, JJ., concur.

THOMPSON, J., dissents.

THOMPSON, J. (dissenting)—I am in disagreement with the result reached by the majority and with the reasoning by which it is achieved. The majority opinion concedes that the defendant's position probably would have been sound before the adoption of the Rules of Civil Procedure.

But it thinks rule 308, which says certiorari shall not be denied because plaintiff has another plain, speedy and adequate remedy, abrogates the general rule that administrative remedies must be exhausted before relief will be afforded by the courts.

I think rule 308 means only that certiorari will not be denied because there is another adequate *legal* remedy, and has no application to *administrative* remedies. We have often held that when a tribunal is set up by the legislature to hear grievances, its jurisdiction is exclusive until it has had the opportunity to act. Griswold Land & Credit Co. v. County of Calhoun, 198 Iowa 1240, 1242, 201 N.W. 11, 12, and cases cited. I cannot agree that rule 308 has any application to the rule requiring resort to administrative remedies before resorting to the courts.