CENTRAL CONSTRUCTION COMPANY, INC., appellant, v. EARL J. KLINGENSMITH et al., appellees.

No. 51282.

(Reported in 127 N.W.2d 654)

APRIL 8, 1964.

Sewell E. Allen, of Onawa, and Kenneth Sacks, of Council Bluffs, for appellant.

Prichard & Prichard, of Onawa, William W. Gates, of Sioux City, and Whicher, Davis & Yaneff, of Sioux City, for appellees.

THOMPSON, J.— This case has some peculiarities. It comes to us upon the plaintiff's appeal from the court's ruling and judgment granting the defendants' motion to dismiss; but neither the petition adjudged defective nor the motion to dismiss it is set out in the record. We must judge of their contents by the trial court's statements in its findings of fact and conclusions of law, which we must take as verities in the absence of any other showing in the record.

Another unusual aspect of the case is found in the fact that, while the matter came before the trial court on the motion to dismiss, the parties stipulated certain facts which were apparently intended for the consideration of the court. Rule of Civil Procedure 116 provides: "Evidence to sustain or resist a motion may be by affidavit or in any other form to which the parties agree or the court directs. The court may require any affiant to appear for cross-examination."

The matter was tried upon the petition, motion to dismiss and the stipulation. The judgment was adverse to the plaintiff, and it appeals.

Factually, we gather from the stipulation and the court's findings that the petition was filed on December 6, 1962, and asked foreclosure of a mechanic's lien against certain property of the defendants. On its face, the petition showed the pleaded cause of action was barred by the statute of limitations, and the motion to dismiss was based upon this contention. The plaintiff then filed its resistance to the motion, alleging that it had brought a previous action, within the time permitted for foreclosure of mechanic's liens, which had been dismissed by the court on November 2, 1962, under the provisions of rule 215.1; and the present action, filed on December 6 following, was within the time permitted by section 614.10 of the present Code. We set out this section herewith: "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

It is plaintiff's contention that the action dismissed by the trial court should have been considered as a continuance of the earlier suit, and so was not barred by the statute. The trial court held the section was not available to plaintiff because of negligence in prosecution of the first action.

I. The plaintiff assigns two errors relied upon for reversal: 1, the court erred in holding that plaintiff's first action failed because of negligence in its prosecution, and so section 614.10, supra, was not available to it and the second suit was barred by the statute of limitations; and 2, that the court erred in hold-

ing as a matter of law that the plaintiff must plead and prove that its first action did not fail because of negligence in prosecution. It will be noted that the first error depends primarily upon facts, and the second upon law. We shall discuss them in reverse order.

II. While we may doubt that the burden of proof, under the stipulated facts, is of great importance, we think that the trial court properly held it was incumbent upon the plaintiff to bring itself within the provisions of section 614.10. Without the benefit of plaintiff's petition in the record, we accept the trial court's statements that "There is no allegation in the petition that the action filed previously and dismissed without negligence in its prosecution on the part of the plaintiff and the new case is a continuance of the first"; and "In this action the plaintiff has failed to allege in its petition or show its freedom from negligence in the prosecution of the first action."

It is at this point the plaintiff alleges it had no duty to plead or prove its freedom from negligence in the prosecution of the first suit. We disagree. On its face, the second petition merely asked relief which was barred by the statute of limitations. If this was to be avoided, it seems elementary that the petition must show that it was within the terms of section 614.10. We said in Pardey v. Incorporated Town of Mechanicsville, 101 Iowa 266, 267, 268, 70 N.W. 189, 190: "Logically and legally, the party asking the benefit of such a fact should show it, and especially so where she is presumed to possess the knowledge and means for so doing. This question has not been ruled in this state, but the practice has been to test the question by the averments of the petition."

In discussing this rule we said in Ceprley v. Incorporated Town of Paton, 120 Iowa 559, 560, 95 N.W. 179, 180: "* * * the burden being on plaintiff to allege in his petition such diligence in prosecuting the first action as to bring the case within the provisions of this section." There is a similar statement in Taylor v. Chicago, R. I. & P. R. Co., 208 Iowa 1396, 1399, 227 N.W. 407, 408. This was dictum in that case; but it was in line with our previous holdings.

The plaintiff relies upon McIntire v. Gordon, 231 Iowa 1364,

4 N.W.2d 376. There we held that an allegation that " 'This plaintiff has not been guilty of any negligence in the prosecution of said cause of action or in the filing of the present cause of action' ", loc. cit. 231 Iowa 1366, 4 N.W.2d 377, should not have been stricken on motion, and that after striking it the court was in error in granting a demurrer based on the statute of limitations. But it was noted that the question that the statement quoted was merely a conclusion was not raised below. 231 Iowa 1368, 4 N.W.2d 378. In the absence of such an attack, the case holds no more than that the pleading of such a lack of negligence was sufficient. The case is in fact authority for the proposition that the plaintiff must plead and prove lack of negligence in the prosecution of the first action. In the absence of a showing in the record of what the petition averred, we must accept the trial court's statement that the plaintiff failed to plead or show its freedom from negligence in the prosecution of the first action. We may not assume the court was in error in this holding.

III. We return then to the first assigned error, which raises the question whether the court erred in finding negligence in the prosecution of the original suit. We have noted the somewhat peculiar manner in which the case was tried. The motion to dismiss, which ordinarily raises only matters shown upon the face of the petition, was aided by a stipulation of facts. So actually the case was tried upon the matters shown in the stipulation. This states the nature of the action, the bringing of the first suit, on December 23, 1960; the filing of a motion for more specific statement, which was sustained in part by the trial court; that certain negotiations for settlement were had, which were unsuccessful; that on April 25, 1962, defendants' then attorney withdrew; on May 23 next the plaintiff filed motion for summary judgment; on May 29 defendants' present counsel entered their appearance and resisted the motion, which was on July 20 denied. The case then came under rule 215.1, and a notice was duly given by the clerk of the Monona District Court in accordance with the provisions of the rule. No contention is raised that the requirements of the rule were not met by the clerk. The case was dismissed under the rule on November 2, 1962, and the present action was commenced on December 6 next. It is stipu-

lated also that on October 26, 1962, when the first case was under the rule and had been assigned for trial, plaintiff's counsel wrote defendants' attorneys asking if a settlement could be had. This letter was not answered until November 6 next, when plaintiff's attorney was advised that the case had been dismissed.

It is contended that, while there may have been want of prosecution of the first case, there is no showing of negligence therein. It seems to be plaintiff's thought that mere "want of prosecution" is not negligence. We are unable to follow this distinction. Negligence in prosecution of an action is surely inherent when the plaintiff is lacking in diligence and so suffers a dismissal; in the words of section 614.10, when he "fails therein."

We have many times indicated that failure to prosecute an action diligently is negligence. Section 215.1 provides methods whereby a case may be removed from the operation of the dismissal rule set forth there. A motion for continuance may be made before the dismissal; and there is no showing, not even any suggestion, that this procedure was not readily available to the plaintiff. Its counsel was advised of the fact that the case was under the rule. But no action was taken other than a letter to defendants' counsel asking for a settlement. In Pardey v. Town of Mechanicsville, 112 Iowa 68, 71, 83 N.W. 828, 829, we said: "The plaintiff did not ask a continuation, nor even a delay of a few hours, * * * but dismissed her cause * * *: The dismissal was voluntary, not compulsory, and to thus dismiss the case was negligence in its prosecution." In Ryan v. Phoenix Insurance Co., 204 Iowa 655, 660, 215 N.W. 749, 751, is this: "The commencement of a new action within six months will not be deemed a continuation of the original action if there was negligence in its prosecution. A strict showing of diligence is required."

Our cases decided under rule 215.1, supra, seem to indicate clearly that failure to prosecute an action or to take the permitted steps when it is noted under the rule amounts to negligence. In Windus v. Great Plains Gas, 254 Iowa 114, 125, 116 N.W.2d 410, 416, after noting the provision for application for continuance, we said: "No undue hardship necessarily follows such an interpretation of the rule. Diligence and vigilance are not penalized."

In Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, 459, another case arising under rule 215.1, we used this language: "It is a rule of diligence and requires no more of counsel or of courts than litigants have a right to expect."

In the second Windus case, 255 Iowa 587, 122 N.W.2d 901, we dealt with the question whether dismissal of the plaintiff's cause under rule 215.1, under the facts of that case, was "unavoidable casualty and misfortune." This significant language appears: "The fact that provision for continuance is included in the rule is an indication that it is not safe to permit the time of dismissal to arrive without action. If a case is not at issue, whether the fault be that of plaintiff or defendant, or both, reasonable care dictates the filing of application for continuance." Loc. cit. 255 Iowa 597, 122 N.W.2d 907. It must be observed that absence of reasonable care is ordinarily negligence. Likewise, in the same case on page 600 is this statement: "It [the rule that courts favor trials on the merits] should not be stretched to the point where a judgment will be vacated when the petitioner, through his counsel, has ignored plain mandates of the rule with ample opportunity to abide by them. To do so would be to abrogate the rule and to reward negligence or inattention."

In the case before us, counsel had a notice from the clerk, in accordance with the rule, that it was in effect and a dismissal would follow. Even on October 26, when he wrote to defendants' attorneys, the clock had not yet struck the hour. There was time, although it was growing short, to ask a continuance. Defendants' counsel owed no duty to warn him of the imminence of disaster, even if they themselves realized it. Under the plain terms of the rule, even a stipulation of the parties would not avoid the rule unless approved and ordered by the court.

We must conclude there was ample support for the trial court's findings that plaintiff's first case failed because of "negligence in its prosecution". No error appears.—Affirmed.

All JUSTICES concur.