ALMA LEHAN et al., appellees, v. DEAN S. L. GREIGG et al., appellants.

No. 51630.

(Reported in 135 N.W.2d 80)

MAY 4, 1965.

Neil R. McCluhan, of Sioux City, for appellants.

William A. Shuminsky, of Sioux City, for appellees.

STUART, J.—This is a certiorari proceeding to determine the validity of the action of the City Council of Sioux City, in granting a Class B permit to Raymond J. Cabana, who had been convicted of indictable misdemeanors and violating the intoxicating liquor laws of the State of Iowa. The trial court annulled the action of the council relating to the issuance of the beer permit,

ordered further proceedings and taxed the costs against four members of the council as individuals. They appeal.

On October 28, 1963, Mr. Cabana filed an application under oath for a class B beer permit with the city clerk of Sioux City. The following question and answer appear in said application:

"17. Has applicant been convicted of a felony, indictable misdemeanor, or violation of the beer or intoxicating liquor laws of the State of Iowa? *No*."

It is stipulated the answer is false and untrue. Attached to the application was the certificate of the Sioux City Chief of Police in which he listed two indictable misdemeanors as "additional reasons or grounds to my knowledge for refusing to issue a beer permit to the within applicant".

An attached certificate from the county attorney's office showed the following convictions: 2-25-43 maintaining a liquor nuisance; 2-25-43 illegal possession of lottery tickets; 5-5-49 illegal possession of lottery tickets; 1-11-52 maintaining a liquor nuisance. The last two convictions are the same ones referred to by the chief of police.

On November 12, 1963, defendants Greigg, Reeder, Young and Torgerson acting as the city council of Sioux City granted the permit. They did not read the application or endorsements. They made inquiry of the city attorney's office and were informed Mr. Cabana was eligible.

On November 26, 1963, plaintiffs submitted a citizens' complaint pursuant to the provisions of section 124.40 of the Code to a regular meeting of the city council alleging the permit was illegally issued because the applicant was not a person of good moral character and because his application under oath contained false statements, and requesting the council to set a time and place of hearing. Action was deferred until a full council was present.

Full council was present on December 2, 1963, when the complaint was discussed. Councilwoman Marie White, who was not present when the permit was issued, moved that a hearing be set for December 9, 1963, which motion died for want of a second and no other action was taken. This action was filed December 13, 1963.

Just prior to a hearing on the merits on May 6, 1964, Mr. Cabana surrendered the permit in question. On May 11, 1964, the city council passed a resolution canceling it and refunding $150 to Mr. Cabana. A supplemental writ and hearing followed this action of the council.

I. Defendants argue certiorari will not lie because the act of issuing the beer permit was legislative, not judicial, and was discretionary with the council. Rule 306, Rules of Civil Procedure, provides:

"A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its * *.* proper jurisdiction or otherwise acted illegally."

██ ██ It is the nature of the act performed which determines whether it is legislative or judicial. Gates v. City Council of Bloomfield, 243 Iowa 1, 50 N.W.2d 578. We have held that certiorari will lie if the act is quasi-judicial in character. Massey v. City Council of Des Moines, 239 Iowa 527, 530, 31 N.W.2d 875; Anderson v. Hadley, 245 Iowa 550, 561, 63 N.W.2d 234, 240.

██ Section 124.5, Code of Iowa, gives city councils the power to issue beer permits. Under section 124.9 the applicant must establish, among other things, that "he is a person of good moral character". Section 124.6 restricts the issuance of the permits to citizens of Iowa "who are of good moral character and repute". The city council exercises its discretion and judgment in determining if the applicant meets these qualifications and therefore performs a quasi-judicial function with respect to beer permits. However, it is not completely free to set its own standards and use its own judgment in determining "persons of good moral character". Section 124.2(6) specifically excludes from this term "any person * * * who * * * has been found guilty of violating any of the provisions of the beer act or any of the intoxicating liquor laws of the state or who has been convicted of a felony or an indictable misdemeanor."

██ Thus the city council in granting a permit to Mr. Cabana, who admittedly had been convicted of indictable misde-

meanors and violated the intoxicating liquor laws, acted contrary to the specific terms of the statute.

In Smith v. Powell, 55 Iowa 215, 216, 7 N.W. 602, a local school board directed its secretary not to certify for collection a tax voted by the electors. We said:

"It was the duty of the defendants to have 'caused the secretary' to certify said tax to the board of supervisors. Instead of so doing they directed the secretary not to do so. In so doing they exceeded their jurisdiction, and did an illegal act. * * *

"It is also insisted the action of the defendants was ministerial, and not judicial, and, therefore, certiorari is not the proper remedy. It seems to us to do the opposite of that which is enjoined as a duty by statute requires the exercise of judicial functions of no common order."

In Darling v. Boesch, 67 Iowa 702, 25 N.W. 887, it was conceded certiorari would not lie to review a finding of fact of good moral character in the issuance of a liquor permit, but we held it would lie to review the action of the board of supervisors when the permit was issued without the filing of a certificate of electors required by statute. Here, the council would have discretion in determining persons of good moral character within the statutory limitations, but they could not find, as a fact, a person to be of good moral character contrary to the statutory definition.

In Massey v. City Council of Des Moines, 239 Iowa 527, 535, 31 N.W.2d 875, we held the city council in passing a resolution transferring to the chief of police certain authority vested by statute in the superintendent of public safety exercised a quasi-judicial function, exceeded its authority and acted illegally. We sustained the writ of certiorari. See also Anderson v. Hadley, 245 Iowa 550, 560, 63 N.W.2d 234, 240.

Appellants cite Minnesota authorities which support their contention that the issuance of permits is discretionary in character. In most instances this is true. Madsen v. Town of Oakland, 219 Iowa 216, 257 N.W. 549; Curtis v. DeGood, 238 Iowa 877, 29 N.W.2d 225. However in none of these cases was a permit granted to a person specifically disqualified by statute as in the instant case.

■ II. Defendants claim plaintiffs had not exhausted the administrative remedies and therefore the courts had no jurisdiction. They rely on section 124.4 of the Code which says the "state permit board may review" action of the city council on hearings for revocation of a permit or order a hearing where the council has failed to act. It also provides "like hearings may also be had" in cases where "at least ten taxpayers" present a petition to the city council and it "neglects or refuses to have such hearing".

Defendants claim no petition was made to the state for a hearing and therefore the administrative remedies were not exhausted.

Plaintiffs claim section 124.40 under which they have proceeded offers alternative remedies. It states "In addition to all other provisions of this chapter for the revocation of class 'B' licenses, it is further provided that ten or more citizens * * * may join in filing" a complaint with the council. It sets out the duties of the council after such filing, including the duty to give notice and hold a hearing and provides for an appeal to the district court from the decision of the council. There is no provision for action in the event the council fails to hold a hearing.

The statement that section 124.40 is an "additional" remedy indicates it is an alternative procedure to that contemplated by section 124.4. This is supported by the fact that section 124.40 provides for a petition signed by "ten citizens" and section 124.4 refers to "ten taxpayers". It is self-evident that these terms are not synonymous. The appeal in 124.4 is to the state board. The appeal in 124.40 is to the district court.

■ We believe there is a further reason for holding the courts have jurisdiction. Here plaintiffs had nothing to appeal from under section 124.40 because the council did not hold a hearing as provided by statute. They did not go to the state board as provided in section 124.4 but chose to start a separate action in certiorari. This is proper even under section 124.4, because they are seeking to test the jurisdiction and legality of the council's action. They do not need or want a review of findings of fact.

Rule 308, R. C. P., provides: "The writ shall not be denied

830

or annulled because plaintiff has another plain, speedy or adequate remedy; but the relief by way of certiorari shall be strictly limited to questions of jurisdiction or illegality of the acts complained of * * *."

In Hitchcock v. Department of Public Safety, 250 Iowa 1016, 1017, 98 N.W.2d 1, plaintiff brought action in certiorari alleging defendant acted illegally and exceeded its jurisdiction in suspending his driver's license. Defendant urged certiorari would not lie since plaintiff failed to "pursue the administrative remedies provided * * * for an administrative hearing, from which hearing the legislature has specifically provided for a right of judicial review * * *."

We held under rule 308 certiorari would properly lie even though the legislature provided a method of review. See also Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787.

III. Defendants claim the procedure under section 124.40 is not applicable to this situation because the violations occurred before Cabana had a class B permit and the court erred in holding revocation mandatory. We need not decide whether the violations must occur after the permit has been granted. Mandatory revocation was required here because it was illegally issued in the first place. Cabana also was guilty of one of the violations in section 124.37 by making "a false statement concerning any material fact in submitting any application for a permit" which would require mandatory revocation under section 124.30.

IV. Cabana surrendered his permits prior to the trial. Defendants contend the question then became moot. We do not agree for other issues remain. At 48 C. J. S. 288, Intoxicating Liquors, section 177(a), the effect of the surrender of the license is discussed.

"After a * * * permit has * * * been surrendered, further prosecution * * * is not necessary where only the loss of use of the * * * permit is involved. Under some statutes, however, revocation proceedings may also involve a determination of the * * * permittee's violations of the statute, affecting his right to obtain another * * * permit, or affecting penalties and costs, and, therefore, further prosecution * * * for such purpose is not pre-

vented by the * * * surrender of the * * * permit since the commencement of the proceedings."

Here, there remains the question of the refund of the balance of the permit fee. Section 124.6 prohibits a refund upon the surrender of the permit while a complaint is filed and prohibits the refund if the permit is revoked as a result. A revocation also prohibits the party from again securing a permit. (Section 124.30) Section 124.37 fixes a penalty for violations of the chapter. Sections 124.9 and 124.40 provide for bond forfeiture in case of revocation. Therefore, there are many matters depending upon this action in addition to the loss of use of this particular permit and their operation cannot be avoided by a voluntary surrender.

V. Defendants argue the court erred in holding they had a mandatory duty to fix a date for hearing and to hold a hearing under section 124.40 of the Code since none of the acts complained of occurred during the period that Mr. Cabana had a permit. This is similar to the argument on mandatory revocation in Division III, but requires some amplification.

Section 124.40 provides ten or more citizens may file a complaint "when such * * * complainants shall have knowledge of any violations of this chapter *by any license holder,* setting forth the alleged acts of violation with reasonable accuracy."

The complainants do not allege that the convictions of maintaining a liquor nuisance and illegal possession of lottery tickets bring them within section 124.40. They base the complaint upon the false answer given by Mr. Cabana in response to the question concerning these prior convictions. This was a statement under oath on a material matter. A "yes" answer would have established that he was not of good moral character under the statutory definition discussed in Division I and barred him from receiving a permit.

Without deciding whether section 124.40 applies to violations of chapter 124 which occurred prior to the time the permit was issued, we hold that violations of the chapter which occur in the application for the very permit which citizens are seeking to have revoked are so closely associated with that permit as to

come within the terms of section 124.40 and are grounds for invoking the procedure therein contained.

VI. Defendants take issue with those portions of the judgment which tax the cost against them personally and order judgment against them if the $150 refund is not repaid within 30 days. The trial court said:

"Throughout the trial and consideration of the facts in this case, the court has been impressed by the persistent illegal actions and by the fact that this whole proceeding has been made necessary by the failure of the defendants [Greigg, Reeder, Young and Torgerson] to perform the duties required of them by chapter 124 of the 1962 Code. It is apparent that their actions, inaction and conduct have been calculated to ignore, evade and effectively defeat the purposes of certain provisions of the beer laws of Iowa from which they derive their powers and prescribe their duties. Under the circumstances, the costs of this action should be taxed to the said defendants personally."

Authorities indicate the fact that defendants were sued in their representative capacity is no bar to an assessment of costs to them as individuals if they acted in bad faith or beyond the scope of their authority. 67 C. J. S. 430, Officers, section 132(e); 14 Am. Jur. 24, Costs, section 37. We did not disturb the assessment of costs against drainage district trustees as individuals in Welch v. Borland, 246 Iowa 119, 125, 66 N.W.2d 866. See also annotation, 72 A. L .R.2d 1412–1414; Ludwig v. Board of County Commissioners of Sarpy County, 170 Neb. 600, 103 N.W.2d 838, 850.

Authorities also make a distinction between ministerial and quasi-judicial functions in imposing liability on public officers.

"A public officer who knowingly or negligently fails or refuses to do a ministerial act which the law or legal authority absolutely requires him to do may be compelled to respond in damages to one to whom performance was owing, to the extent of the injury proximately caused by the nonperformance. Honest intentions and a mistake as to his duty will not excuse the offender. * * * If the same officer is charged with the performance of judicial as well as ministerial duties, the judicial privilege

will not protect him in the exercise of his ministerial functions * * *." 43 Am. Jur. 90, 91, Public Officers, section 278.

We have recognized the distinction in Rehmann v. City of Des Moines, 204 Iowa 798, 801, 215 N.W. 957, 55 A. L. R. 430.

This distinction makes it unnecessary for us to consider the more difficult field of liability in the performance of a quasi-judicial function, for the defendants here did not comply with two clearly ministerial duties. Section 124.40 states the "council shall, upon receipt of any such complaint, forthwith fix a date for hearing * * *". The procedure is explicit, setting out the notice, times and limiting the continuances. Precedence is given the matter on appeal. All of which indicates a desire to expedite the hearing. The council failed to perform the ministerial duties set forth and are properly chargeable with the costs of this suit as a result.

In making a refund to Cabana when he surrendered his permit, defendants specifically violated the provision of section 124.6 which says: "No refund shall be made to any permit holder, upon the surrender of his permit, if there is at the time of said surrender a complaint filed * * *." No judgment was required, no discretion was permissible, they failed to properly perform a ministerial act in granting the refund at that time. The court was not in error in ordering judgment against them for the amount improperly refunded.

The action of the trial court in sustaining the writ of certiorari and in all other respects is affirmed.—Affirmed.

All JUSTICES concur except HAYS, J., not sitting.