Leslie L. BOOMHOWER et al., Appellants,

v.

CERRO GORDO COUNTY BOARD OF SUPERVISORS, Appellees.

No. 53703.

Supreme Court of Iowa.

Dec. 9, 1969.

Boomhower & Nelsen, Mason City, for appellants.

William Pappas, Mason City, for appellees.

LARSON, Justice.

On December 12, 1966, the Board of Supervisors of Cerro Gordo County, Iowa, rezoned certain real property reflecting the recommendations of the zoning commission. Thereafter a group of resident objectors gave notice of appeal to the board of adjustment. Pursuant to hearing, the board of adjustment dismissed the appeal on the ground that it was without jurisdiction because such appeal was not authorized by statute. By certiorari, that action was reviewed by the district court and the writ was annulled. Upon appeal to this court it was held that the board of adjustment does not have jurisdiction to hear such appeals. See Boomhower v. Cerro Gordo County Board of Adjustment, Iowa, 163 N.W.2d 75, 77. In this decision rendered December 10, 1968, it was stated: "Parties who claim such ordinance or amendment thereto is arbitrary or capricious should seek relief in the courts by petitioning for a writ of certiorari." The parties have attempted to follow that suggestion, and the only question presented by this appeal is whether their action is timely.

I. Rule 319, Iowa Rules of Civil Procedure, provides:

"No writ of certiorari shall issue or be sustained unless the petition is filed within six months from the time the inferior tribunal, board or officer exceeded its jurisdiction or otherwise acted illegally."

The resolution of the Cerro Gordo County Board of Supervisors, which plaintiffs claim was illegal, was adopted on December 12, 1966. Plaintiffs' petition for writ of certiorari herein was filed January 2, 1969, over two years after the action complained of. It is their contention that the statutory period set forth in Rule 319 was tolled while they were exhausting their administrative remedies, and that the six month limitation period did not start until December 10, 1968. They maintain that it is necessary for them to exhaust possible administrative remedies before direct resort to the court, or that they may elect which remedy to pursue without loss of rights to seek relief in court.

The trial court did not agree and, on defendants' motion, dismissed plaintiffs' petition.

II. Although we have recognized the doctrine of exhaustion of administrative remedies, we have not applied it to preclude judicial determination of an issue which could be or might have been presented to an administrative agency. The issue is usually raised when resort is first taken to the court. Valentine v. Independent School District, 187 Iowa 555, 174 N.W. 334, 6 A.L.R. 1525; Knowlton v. Baumhover, 182 Iowa 691, 166 N.W. 202, 5 A.L.R. 841; Hitchcock v. Department of Public Safety, 250 Iowa 1016, 98 N.W.2d 1; Hohl v. Board of Education, 250 Iowa 502, 94 N.W.2d 787; Lehan v. Greigg, 257 Iowa 823, 830, 135 N.W.2d 80, 84. In other words, we have *not* held, where one claims an administrative agency is given jurisdiction of a certain subject matter, the question is in the first instance for the administrative agency and thence the party must exhaust the claimed administrative remedy before resorting to the courts. Both before and after the adoption of our Rules of Civil Procedure we have rejected that so-called exclusive procedure referred to in 2 Am.Jur.2d, Administrative Law, § 604, pp. 440, 441. Even the cases cited therein do not hold this remedy is exclusive under all circumstances. See Sohns v. Jensen, 11 Wis.2d 449, 105 N.W.2d 818, 84 A.L.R. 2d 643, and citations; Jorgensen v. Pennsylvania R. Co., 25 N.J. 541, 138 A.2d 24, 72 A.L.R.2d 1415.

In Valentine v. Independent School District, supra, it was held, where it appears that the rule of public school authorities is unreasonable, relief is not limited to admin-

istrative appeals and certiorari is not barred. Likewise, in Knowlton v. Baumhover, supra, while recognizing administrative remedies, the court held, where it is alleged that the board of directors of a school acts without jurisdiction, the court has jurisdiction to set aside the unauthorized act and either remedy is open to complainant.

In Lehan v. Greigg, supra, we cited Hitchcock and Hohl with approval and concluded certiorari would properly lie even though the legislature had provided another method of review. This was especially so, we said, because Rule 308, R.C.P., provides: "The writ shall not be denied or annulled because plaintiff has another plain, speedy or adequate remedy; * * *."

Furthermore, as pointed out in Hohl v. Board of Education, supra, the rights to consider original complaints under this writ are jealously guarded by the courts.

It must, therefore, be concluded that plaintiffs were not compelled to pursue what they believed was an administrative remedy, but had available certiorari under Rule 319 to test the legality of the board's action as well as its jurisdiction to act in the matter. They elected not to do so.

III. Unless, then, some authority or justification appears which will authorize the suspension of the six month limitation period provided in Rule 319, plaintiffs' rights thereunder have expired. We find no such authority and, except for the exclusive remedy claim above discussed in Division II, appellants cite none. On the other hand, it would seem unjust and unfair to those interested and affected by the board's actions to compel them to delay improvements pending the exhaustion of an alleged administrative remedy which may finally be determined to be without merit. We are satisfied by the delay that appellants have chosen not to pursue the remedy afforded them in Rule 319, that time for that remedy has passed, and that the trial court's action in sustaining defendants' motion to dismiss must be affirmed.

Affirmed.

MOORE, C. J., and SNELL, STUART, MASON and LeGRAND, JJ., concur.

BECKER, J., dissents.

RAWLINGS and REES, JJ., take no part.

BECKER, Justice.

I respectfully dissent.

I should first acknowledge failure of the parties to discuss the basis for this dissent. However, it seems important enough to require a further argument so the matter may be fully presented to this court. Put differently, the majority opinion is reasonable when considered within the context of the propositions argued. But section 614.10, Code, 1966, has been ignored and I must therefore dissent.

Plaintiffs sought to have action by the Board of Supervisors reviewed by the Board of Adjustment. It turned out their action was mistaken. They should have sought direct review in the courts by way of certiorari. Their original action, though mistaken, was not unreasonable. Certainly it was not negligent. But while they innocently took the wrong route the statute of limitations (six months) ran its course. The difficulty in choosing the proper forum is well illustrated by Brightman v. Civil Service Commission, Iowa, 171 N.W.2d 612.

We now say in the instant case: "Unless, then, some authority or justification appears which will authorize the suspension of the six month limitation period provided by Rule 319, plaintiffs' rights thereunder have expired." I cannot see why

such authority is not found in Iowa Code, 1966, section 614.10: "If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

The above statute is still on the books. It has been used for the purpose for which it was intended, Weisz v. Moore, 222 Iowa 492, 265 N.W. 606, 269 N.W. 443, where an excellent analysis of the purpose of the statute may be found with reference to similar statutes in other states and legal encyclopedia statements. See also. McIntire v. Gordon (1936), 231 Iowa 1364, 4 N.W.2d 376.

On the other hand the statute has been so narrowly construed, before and since, that the lawyers have practically abandoned it. Perhaps they feel the statute was figuratively, if not literally, removed from the books by narrow interpretation. See Cooley v. Maine (1918), 183 Iowa 560, 165 N.W. 1015.

It is not the purpose of this dissent to review all of the cases under section 614.10 in detail. Suffice to say we have never said the statute was inapplicable *to a case of this kind*. The public policy of the statute, which I take to be to allow a litigant a new chance where he has been thrown out of court on a procedural point and not due to his own negligence, should be recognized by this court. This public policy was first articulated by a predecessor statute in the Revised Statutes, 1843, (Terr.), chapter 94, § 9 and carried through our state Codes in its present form, commencing with the 1851 Code, to date.

The litigant should have his day in court and not be eliminated on procedural issues. To this end the legislature has done its part by passing section 614.10. We should do our part by construing the statute liberally to effectuate its purpose and assist the parties in obtaining justice. Section 4.2, Code, 1966.