Ronald DEHNING, Plaintiff,

v.

William R. EADS, Judge of the Sixth Judicial District of Iowa, Defendant.

No. 55234.

Supreme Court of Iowa.

Oct. 18, 1972.

John C. Platt, Cedar Rapids, for plaintiff.

Richard C. Turner, Atty. Gen., Walter E. Schroeder and Peter Vorhees, Asst. Attys. Gen., for defendant.

Heard before MOORE, C. J., and UHLENHOPP, REYNOLDSON, HARRIS and McCORMICK, JJ.

REYNOLDSON, Justice.

This original certiorari proceeding presents a single issue: Must plaintiff, contesting suspension of his driving privileges, exhaust the administrative remedy provided by § 321.211, The Code (administrative hearing) before appealing to district court under § 321.215, The Code? We agree with trial court's determination the administrative hearing is a prerequisite to a § 321.215 court appeal, and annul the writ.

I. Plaintiff was convicted of a speeding violation. The Iowa Department of Public Safety then suspended his operator's license under § 321.210(7), The Code (serious violation). His appeal to Linn District Court under § 321.215 was challenged by department's motion to dismiss grounded on his failure to exhaust the administrative remedy provided by § 321.211. Both statutes are fully quoted in Needles v. Kelley, 261 Iowa 815, 156 N.W.2d 276 (1968).

Section 321.211 requires a written notice of suspension to licensee who may request a hearing within 20 days. After hearing "department shall either rescind its order of suspension or, good cause appearing therefor, may extend the suspension of such license or revoke such license."

Section 321.215 in relevant part grants a "right" to any person whose license has been cancelled, suspended or revoked to file a petition "within 30 days thereafter" for hearing in a court of record in his county, which court shall,

"hear and determine the matter as an original proceeding upon a transcript of all the proceedings before the commissioner, and upon additional evidence and other pleadings as the court may require. The decision of the court shall be final."

The issue presented here was not raised in Sueppel v. Eads, 261 Iowa 923, 156 N.W.2d 115 (1968), where the licensees' immediate appeal to district court under § 321.215 went unchallenged. Nor was this issue settled in Hitchcock v. Department of Public Safety, 250 Iowa 1016, 98 N.W.2d 1 (1959), in which the department argued, and lost, the proposition that sections 321.-211 and 321.215 constituted an exclusive and sole remedy for review of a license suspension and that certiorari directly from the initial suspension was not available to the licensee. See rules 306 through 319, Rules of Civil Procedure.

Without question this plaintiff, under Hitchcock, could have collaterally challenged his license suspension in a certiorari proceeding, when he first received notice. That right of review is grounded on the broad language found in rule 306, R.C.P. See Hitchcock v. Department of Public Safety, supra. Because an alternate to certiorari is provided by statute, the scope of review would be restricted. Eden Township Sch. Dist. v. Carroll County Bd. of Ed., 181 N.W.2d 158 (Iowa 1970). Further, the evidence in district court would be restricted to an explanation of matters contained in the return to the writ. Rule 315, R.C.P.; Mangan v. Department of Public Safety, 258 Iowa 359, 138 N.W.2d 922 (1965).

Plaintiff's election upon receipt of license suspension notice to appeal directly to district court under § 321.215 confronts this court with the question of primary administrative jurisdiction and the included rule requiring exhaustion of administrative remedies. The exhaustion rule provides that in order to obtain judicial review of administrative action the administrative act must first have been officially sanctioned and reviewed within the agency to the fullest extent provided by law. Oliver v. Iowa Power & Light Company, 183 N.W.2d 687 (Iowa 1971); Bezanson, Judicial Review of Administrative Action in Iowa, 21 Drake L.Rev. 1, 16 (1971); 2 Am.Jur.2d, Administrative Law § 595, p. 426.

There are many good policy arguments to support application of the exhaustion of remedies rule. It prevents a premature transfer to courts of duties imposed by law on administrative agencies and pre-

vents interruption of administrative process, insuring an orderly procedure. McKart v. United States, 395 U.S. 185, 89 S. Ct. 1657, 23 L.Ed.2d 194 (1969); Sterling Drug, Inc. v. F. T. C., 146 U.S.App.D.C. 237, 450 F.2d 698 (1971); Moschetti v. Liquor Lic. Auth. of City of Boulder, Colo., 490 P.2d 299 (1971); 73 C.J.S. Public Administrative Bodies and Procedure § 41, at p. 353. It affords the agency opportunity to correct its own error, if any, so as to moot judicial controversies. Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); 2 Am.Jur.2d, Administrative Law § 595, pp. 426–29.

An exception to the rule, however, is stated in 2 Am.Jur.2d, Administrative Law § 598 at pp. 432–33:

"On the other hand, the doctrine of administrative remedies does not apply where, by the terms or implications of the statute authorizing an administrative remedy, such remedy is permissive only or not exclusive of the judicial remedy, warranting the conclusion that the legislature intended to allow the judicial remedy even though the administrative remedy has not been exhausted."

This language was approvingly quoted in Oliver v. Iowa Power & Light Company, supra, at 183 N.W.2d 691.

We turn to the statutory provisions to determine whether such dual or alternate remedies were intended. Section 321.215 is not, as this court has already indicated, a model of clarity. Danner v. Hass, 257 Iowa 654, 134 N.W.2d 534 (1965). Plaintiff argues with some logic this statute gives the licensee a "right" to resort to district court. There is no express language which conditions the court's jurisdiction upon the prior utilization of administrative procedure provided in § 321.211. The district court is to hear and determine the matter as an "original proceeding." Under our holding in Needles v. Kelley, 261 Iowa 815, 156 N.W.2d 276 (1968) the court makes a new, independent judicial determination based on the evidence and

law. Lastly, plaintiff relies on the following language in § 321.210:

"Prior to a suspension taking effect under subsections 2, 3, 4, 5, or 7, the licensee shall have received twenty days advance notice of the effective date of the suspension, and an appeal under the provisions of section 321.215 shall operate to stay the suspension pending the determination by the district court."

The quoted provisions might indicate the § 321.215 appeal is available based only on the initial notice of suspension.

On the other hand, defendant relies on the policy arguments above noted and on that portion of § 321.215 which provides,

"* * * [T]he court shall hear and determine the matter as an original proceeding upon a transcript of all the proceedings before the commissioner, and upon additional evidence and other pleadings as the court may require."

We agree this portion of the statute evidences the legislature's intent the licensee must resort to the administrative appeal (§ 321.211) prior to the district court appeal. Under § 321.210 the "department" is authorized to suspend the license. Only at the agency appeal level (§ 321.211) does the legislature refer to the commissioner's role in the proceedings. Based upon that hearing before commissioner or his agent, "* * * the department shall either rescind its order of suspension or, good cause appearing therefor, may extend the suspension of such license or revoke such license." The transcript of the "proceedings before the commissioner" forming a part of the record in the district court can only refer to those administrative appeal proceedings under § 321.211.

Whether primary or "exclusive" administrative jurisdiction exists in the department (in which case the administrative remedy must ordinarily be first exhausted) depends on the statutory scheme. Oliver v.

Iowa Power & Light Company, 183 N.W. 2d 687 (Iowa 1971); 2 Am.Jur.2d, Administrative Law § 598, pp. 431–33. Important in this determination is the question whether under the statutory scheme the administrative remedy is adequate. In short, is the relief sought within the jurisdiction of the agency? See Northwestern Bell Tel. Co. v. Hawkeye State Tel. Co., 165 N.W.2d 771 (Iowa 1969); Elk Run Telephone Co. v. General Telephone Co., 160 N.W.2d 311 (Iowa 1968); 3 K. Davis, Administrative Law Treatise § 20.07, pp. 97–100 (1958).

■ In the statutory plan before us relief for the licensee is plainly within the power of the agency, which may rescind its own suspension order. Section 321.211, The Code. This fact, coupled with our interpretation of § 321.215 and the sound public policy considerations enumerated above impels us to hold an administrative appeal under § 321.211 is a prerequisite to the subsequent district court appeal under § 321.215. The exception to the exhaustion rule, above set out, is not applicable here.

■ II. Theoretically, the hearing, findings of the commissioner and ultimate department action could be delayed until the suspension has run and licensee's 30 day district court appeal time has expired. We were informed on oral submission it is department's practice to "lift" its suspension while the administrative appeal is pending. This practice is not disclosed by published departmental rules. We have been zealous in protecting licensees' rights until the avenues of review have been exhausted. See Maguire v. Fulton, 179 N. W.2d 508 (Iowa 1970). We therefore interpret these statutes to mean a suspension affirmed or extended, or a non-mandatory revocation, on a § 321.211 appeal shall not be effective until 30 days after department's notice of such decision. If within that time licensee appeals to district court pursuant to § 321.215, the suspension or non-mandatory revocation shall be stayed pending that appeal under the language and intent of § 321.210. Only this con-struction permits us to conclude the administrative remedy is adequate and to reach our determination the department has primary jurisdiction.

III. We are not confronted here nor do we decide the issue of the legality or constitutionality of the § 321.211 provisions granting this agency power, on appeal, to assess a higher penalty (suspension extension and non-mandatory license revocation) on an appeal permitted only from a license suspension. The chilling effect on administrative appeals created by that language may well account for the history of licensees' attempts to short-circuit such remedy by initial appeals under § 321.215, and alternatively, by proceedings in certiorari.

The writ of certiorari is annulled; the order of the district court is sustained.