**JIM O., INC. d/b/a Ernie's Avenue Tavern and Roger Carnicle d/b/a The New Shack Tavern, Appellants,**

v.

**The CITY COUNCIL OF The CITY OF CEDAR RAPIDS; and Lee Clancy, Nancy Evans, Don Thomas, Evan Hughes, and Ole Munson, In Their Official Capacities as Members of the City Council of the City of Cedar Rapids, Appellees.**

No. 96–1297.

Supreme Court of Iowa.

Jan. 21, 1998.

As Amended on Denial of Rehearing March 9, 1998.

Linda Hansen Robbins of Irvine & Robbins, L.L.P., Cedar Rapids, for appellants.

James H. Flitz, Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

Two liquor licensees, who sought relief from fines imposed by means of a petition for writ of certiorari, appeal from the dismissal of those petitions on the ground that the licensees failed to exhaust administrative remedies. The appellants-licensees are Jim O., Inc. and Roger Carnicle. The appellees are the city council of the City of Cedar Rapids and the City of Cedar Rapids. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

Both of the appellants-licensees had fines levied against them by the city council in its capacity as "the local authority" under Iowa Code section 123.39 (1995). The basis for that action was a finding that each licensee had made illegal sales to minors.

The statute that provides the basis for the exhaustion of administrative remedies requirement imposed by the district court is section 123.39. The relevant portion of that statute reads as follows:

> The administrator or the local authority may suspend a license or permit issued pursuant to the chapter for a period not to exceed one year, revoke the license or permit, or impose a civil penalty not to exceed one thousand dollars per violation. Before suspension, revocation, or imposition of a civil penalty, the license or permit holder shall be given written notice and an opportunity for a hearing. The administrator may appoint a member of the division or may request an administrative law judge from the department of inspections and appeals to conduct the hearing and issue a proposed decision. Upon the motion of a party to the hearing or upon the administrator's own motion, the administrator may review the proposed decision in accordance with chapter 17A. Upon review of the proposed decision, the administrator may affirm, reverse, or modify the proposed decision. A licensee or permittee aggrieved by a decision of the administrator may seek judicial review of the administrator's decision in accordance with chapter 17A.

Iowa Code § 123.39(1)(a).

On their appeal to this court, the licensees contend that a writ of certiorari is a proper method for challenging the action of any

inferior tribunal that has exceeded its authority or acted illegally. They assert that the city council in the present case was acting in a quasi-judicial capacity and in excess of its statutory authority. In claiming that certiorari is an alternative remedy for reviewing the council's actions notwithstanding the administrative review provided by statute, the licensees rely primarily on *Boomhower v. Cerro Gordo County Board of Supervisors*, 173 N.W.2d 95 (Iowa 1969). We will refer to the latter case as *Boomhower II* to distinguish it from a companion case of *Boomhower v. Cerro Gordo County Board of Adjustment*, 163 N.W.2d 75 (Iowa 1968), which we also discuss in this opinion. The companion case will be referred to as *Boomhower I*.

In *Boomhower I* objectors to a county rezoning ordinance sought to challenge same by an appeal to the local board of adjustment. The board of adjustment declined to hear the challenge, and on review of that decision by both the district court and this court, it was determined that the local board of adjustment was without authority to hear the objectors' challenge. *Boomhower I*, 163 N.W.2d at 77. It was also determined in *Boomhower I* that the proper method for challenging the local zoning ordinance was by means of a petition for certiorari to the district court. *Id.*

In *Boomhower II* the objectors did seek certiorari review. That action was dismissed by the district court, however, on the ground that it was not brought within the statutory time for filing petitions for a writ of certiorari. On the appeal from that decision, this court held in *Boomhower II* that the period of limitations for seeking certiorari review was not tolled during the time that the objectors were pursuing an improper administrative remedy in *Boomhower I*. *Boomhower II*, 173 N.W.2d at 97.

The licensees in the present case urge that based on *Boomhower II* they should not have been required to exhaust the administrative

appeal that is provided by section 123.39 because to do so would delay the opportunity to seek a writ of certiorari beyond the statutory time within which such relief must be sought. We do not believe that this contention provides a basis for granting the licensees relief from the dismissal of their certiorari action.

The administrative remedy that the objectors sought to pursue in *Boomhower I* was an improper remedy not legally available to them under the controlling statutes. In that case, a petition for writ of certiorari in the district court was the proper method of challenging the local zoning ordinance. In sharp contrast to the *Boomhower* cases, the administrative remedy provided by section 123.39 was available to these licensees. It is of no consequence that the time for pursuing the administrative remedy would extend beyond the time for bringing a petition for writ of certiorari because the administrative appeal has now displaced the general remedy of certiorari as the means for challenging the city council's action.[1]

City councils, as officers of a political subdivision of the state, are excluded from the definition of agencies subject to Iowa Code chapter 17A. Iowa Code § 17A.2(1). Notwithstanding this fact, it was within the power of the legislature in regulating liquor sales to provide that appeals from the decisions of local authorities as to infractions by liquor licensees be taken to a chapter 17A administrative agency such as the alcoholic beverage division of the department of commerce. The initial imposition of fines for infractions by liquor licensees may be by either the alcoholic beverage division or the local authority. If the administrative agency initiated the sanctions in the first instance, there would be no doubt that all aspects thereof would be subject to the provisions of chapter 17A. By requiring that appeals from the decisions of local authorities be taken to the alcoholic beverage division of the department

---

1. There are areas in which actions of officers or agencies of political subdivisions may be reviewed by certiorari. Such entities are not agencies that are themselves subject to the provisions of chapter 17A. *See* Iowa Code § 17A.2(1). However, even in situations in which chapter

17A is not directly applicable, there may be exhaustion of remedy requirements under local ordinances based on general principles of administrative law. *See Riley v. Boxa*, 542 N.W.2d 519, 521 (Iowa 1996).

of commerce and thereafter considered as contested case matters under chapter 17A, the legislature was attempting to assure uniformity in treatment of licensees irrespective of whether the initial sanctions were imposed by the agency or by local authorities. For this reason, we find the legislative scheme demands that aggrieved licensees pursue their appeals through the agency process.

The last matter that we must consider is the contention of the licensees that our decision in *Dressler v. Iowa Department of Transportation,* 542 N.W.2d 563 (Iowa 1996), recognizes certiorari as an alternative remedy notwithstanding the existence of another means of review under chapter 17A. That case involved a challenge to the suspension of a driver's license on double jeopardy grounds. The issue was raised by a petition for writ of certiorari in the district court. It was considered on the merits in the district court under the umbrella of certiorari review.

The district court's decision was considered on the merits by this court without the parties having raised an issue concerning a potential procedural infirmity based on the exhaustion requirements of chapter 17A. In analyzing our decision in *Dressler,* we must conclude that the case represents a situation in which this court simply decided the case in the same posture that it was presented by the parties and abstained from considering a potential jurisdictional challenge sua sponte. The *Dressler* case should not be considered as authority for the proposition that the method chosen by the parties in that case for reviewing the action of an administrative agency was proper.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**